No. 85.—Dozier Thornton, plaintiff in error, *vs.* Solomon. Adkins, defendant.

[1.] The Act of 1847, to authorize parties to compel discoveries at Common· Law, requires of the Court or Judge, in vacation, to whom the application is made, before granting the order requiring the interrogatories· to be answered, to be satisfied, from the oath of the party or otherwise, of three things—1. That the testimony is material; 2. Pertinent; and 3. Such as the plaintiff or defendant would be compelled to disclose in answer to a bill for discovery, filed in Chancery by his adversary.

[2.] If an order, requiring interrogatories to be answered under the Act of 1847, has been improvidently granted, the party has the right to refuse to· answer until he can be heard; and thus protect himself from being forced to make discovery which would subject him to a penalty or forfeiture, or have a tendency thereto, to criminate himself, involve him in a breach of professional confidence as Counsel, or that is immaterial to the case.

Debt, &c. in Muscogee Superior Court. Decision by Judge Worrill, December Term, 1855.

In this case, certain interrogatories had been propounded. to the plaintiff, under the Statute. The order of the Judge· was issued upon the affidavit of the defendant, that the plaintiff's answers would be material evidence for the defendant.

The order recited, that by inspection, the Court perceived that they were pertinent and such as the plaintiff would be bound to answer upon a bill filed in Chancery. Upon the trial, plaintiff demurred and objected to answering, on the ground that the granting of the order was not authorized under the Statute. The Court sustained the objection, and this decision is assigned as error.

H. Holt, for plaintiff in error.

W. Dougherty, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] We propose to limit our decision to the only question·

which we think made by the bill of exceptions : and that is, whether the order of the Judge requiring the interrogatories. to be answered, was authorized by the Act of 1847 ?

The first section of that Act provides, that " any party,. plaintiff or defendant, in any action at Common Law, pending in any Superior or Inferior Court of this State, wishing a discovery from the adverse party, to be used in evidence at the trial of such action, may file written interrogatories to such party, and call upon him to answer the same in solemn form, on oath or affirmation ; and if, upon such interrogatories being filed, it shall appear to the Court, by the oath of the party filing the same or otherwise, that answers to such interrogatories will be material evidence in the cause, and that the interrogatories themselves are pertinent, and such as the adverse party would be bound to answer upon a bill of discovery in a Court of Chancery, the Court shall allow such interrogatories, and shall make an order requiring the adverse party to answer the same, in writing and in solemn form, on his oath or affirmation." (*Cobb*, 465.)

The order of the Judge in this case, requiring the interrogatories to be answered, was founded upon the " affidavit. of the defendant, that the answers would be material evidence in the cause, and upon an examination of the questions themselves." The order states that the Court perceived, by inspection, that the interrogatories were pertinent, and such as the party would be bound to answer upon a bill filed in Chancery.

That the questions are pertinent to the pleas, is not denied. Whether the pleas, themselves, are allowable, involves legal principles of the gravest consideration ; and which this Court will not undertake to decide, until they are fully discussed. We have uniformly given to this Act and those amendatory thereof, the most liberal construction ; and we see no reason to depart from that policy. It is a highly beneficial law, and should never be used for improper purposes.

We agree that it should appear *in some way*, to the Court.

or to the Judge, in vacation, who grants the order, that the interrogatories are material, and that the disclosures sought are such as the party would be compelled to make to a bill filed for discovery; still, all that the Statute requires is, that the Judge should, from the oath of the applicant, on inspection of the interrogatories, and his knowledge of the case "*or otherwise,*" be satisfied that the commission should issue.

"The first rule respecting discovery," says Mr. *Adams,* in this work on *Equity,* (*pp.* 105–'6,) "is, that the defendant must answer to all facts material to the plaintiff's case. He is not bound to answer questions of law; for such questions ought to be decided by the Court. He is not bound to answer questions of fact, unless reasonably material; for he is not to be harrassed with idle, and perhaps mischievous, inquiries. And it will not be sufficient to show, that somehow or other they may be connected with the case; for if such connection be very remote, so that the discovery would be oppressive, it will be refused; as, for example, where a bill charged an executor with mixing his testator's money with his own, and called on him to set out a monthly account of his banker's balances, with an account of his own property, debts and liabilities. And lastly, he is not bound to answer merely because the question is material to the issue, but it must be also material to the plaintiff's case."

[2.] If the interrogatories propounded, therefore, are obnoxious to any of the foregoing objections, or are fishing or impertinent, or would make the defendant liable to a penalty or forfeiture, or have a tendency thereto; or would compel him to criminate himself; or would involve him in a breach of professional confidence as Counsel, or the discovery would be immaterial, it would be improper to allow the interrogatories to be filed; and if leave be improvidently granted, the party would be justifiable in refusing to depose until he could be heard. Every citizen is, and of right ought to be, entitled to be heard before he can be stripped of the shield which the law has thrown around him, and be subjected to an inquisition not authorized by the case. A bill for discovery, con-

Thornton *vs.* Adkins.

taining objectionable matter, is demurrable; and if personally examined on the stand, as a party now, by law, may be, the same as any other witness, he could object *ore tenus* to the questions put to him. The case of interrogatories was not intended to constitute an exception to all the analogies of the law, in this respect, and should not be so held.

As to the *form* of the application, then, we deem it but of little importance. Here the language of the law has been literally pursued; and we are not prepared to say that the order was illegally granted. We do say, however, that if the interrogatories, or any of them, are such as a Court of Equity would not compel a defendant to answer to a bill of discovery, they are excluded by the very terms of the Act. And for myself, I am clear that any party against whom such interrogatories are sued out, should be permitted to controvert the propriety of the questions asked before he is forced to answer them. If, upon the refusal of the party to answer, the Circuit Court should be of the opinion that such refusal was captious or intended for delay, it is invested with plenary power to pass such order as will do justice in the premises. If, on the other hand, it finds that the original *ex parte* order was improvidently granted, it should not hesitate to set it aside. *The party must have his day in Court,* in relation to this as well as to every other right; he cannot be condemned unheard, or what is worse, hung and then heard.