## H. & T. C. R'y Co. v. Jo Reason.

(Case No. 5084.)

1. DIRECT INTERROGATORIES TO OPPOSING PARTIES — EVIDENCE.— The examination of a party to a suit by written interrogatories is made as would be the examination of any other witness, except that a leading question may be put. A railway company was sued for damages for personal injuries alleged to have been inflicted through the negligence of the company's employees. The defendant, interrogating the plaintiff by written interrogatory, asked, "Describe minutely how the accident occurred; was it not your own fault and negligence?" Held:

(1) Since under the statute the evidence of a party to a suit is to be received or rejected by the same rules as would the evidence of any other witness, the question was improper.

(2) The plaintiff's failure to answer it would not justify the court in charging the jury that they must take pro confesso an answer most favorable to the party asking the question.

(3) The question was objectionable as calling for the opinion of the witness instead of for facts, which facts should be submitted to the jury, for them to find the existence of negligence vel non under a proper charge.

(4) The following cases, bearing on the subject, cited and reviewed: Crofut v. Brooklyn Ferry Co., 36 Barb., 201; Teall v. Barton, 40 Barb., 143; Bryant v. Glidden, 39 Me., 460; Otis v. Thom, 23 Ala., 472; Livingston v. Cox, 8 Watts & Serg., 62, and Weaver v. Ala. C. M. Co., 35 Ala., 183.

2. DRUNKENNESS.— In such a suit it is unimportant whether the plaintiff was drunk or not when injured by the company's negligence, if he did not contribute, though drunk, by his own negligence to causing the injury complained of.

3. FACT CASE.— See statement and opinion for facts regarding the construction of a railway company's platform at a depot, which, in connection with its manner of running a train, constituted negligence in the company, for which it was liable to one injured thereby.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

On the 13th of October, 1879, between midnight and daylight, plaintiff, Jo Reason, went to defendant's passenger depot at Denison for the purpose of taking the passenger train for Dallas. The

depot being closed, plaintiff, standing on the platform, was struck by a moving car and received the injuries complained of without any fault or negligence, he alleged, on his part. The night was quite dark; there were no lights in or about the depot; no lights upon the train or cars which injured him, and the cars were being run without the ringing of a bell, blowing whistle or other warning.

Defendant's pleading consisted of a general denial, and that plaintiff's own negligence, carelessness and recklessness contributed to and was the sole and only cause of his injury.

Verdict and judgment for plaintiff in the sum of $3,500.

The track and platform were so constructed that the passenger cars of the railway company extended over the platform some eighteen inches. The plaintiff was caught between the platform and a car and his leg mashed and terribly mangled. Much conflict existed in the testimony as to whether plaintiff was intoxicated, but there was no evidence that his injury was caused by contributory negligence. At the time of his injury he was standing on the platform, near its edge, when he was struck from behind by a projecting car, which knocked him senseless, and his leg was amputated as a result of the injury then inflicted.

*R. De Armand*, for appellant.

*Woods, Wilkins & Cunningham*, for appellee, cited: Dobrecki *v.* Sharp, 88 N. Y., 203; 8 Am. & Eng. R. R. Cases, 485; Stewart *v.* Railway Company, 53 Tex., 289; Tobin *v.* Railway Co., 8 Am. Rep., 415, and note; Railway Co. *v.* Grush, 16 id., 618; 1 Thompson on Negligence, pp. 313, 314, 315; Pierce on Railroads, p. 275; Thompson on Carriers of Passengers, pp. 107, 108, 110 and notes; Dawson *v.* R'y Co., 29 N. Y., 383.

Stayton, Associate Justice.— The interrogatories filed by the defendant, to be answered by the plaintiff, were, in the main, such that the court could not know what fact should be taken as confessed on failure of the plaintiff to answer them, as by the statute he is required to do.

They call for no particular answer. To some of them several answers might be given; the one as applicable as another. The statutes permit even leading questions to be propounded to the adverse party, and the interrogatories in such case, if the party propounding them wishes, in case of a failure of the adverse party to answer them, to have them taken as confessed, should be so

shaped that the court may know what fact the failure to answer confesses.

All of the interrogatories filed by the defendant to be answered by the plaintiff were of that general character, except the third, which is as follows: "Describe minutely how the accident occurred. Was it not your own fault and carelessness? Were you drunk or not? Had you been drunk or had you been drinking during the day or evening preceding the accident by which you received the injury?"

A commission was issued to take the answers of the witness, and it, with the interrogatories, was submitted to the defendant on 25th August, 1881, by an officer authorized to take the answers, which he then refused to give; he, however, on September 2, 1881, before another qualified officer, answered the interrogatories, and the same were returned into court, and on the trial a portion thereof was read in evidence by the defendant. The answers to the interrogatories above set out were not read, nor does it in any way appear what the answers thereto were. The plaintiff, as a witness, testified fully at the trial.

The defendant asked the court to give the following charges:

2d. "It is in evidence before you that the defendant in this case propounded interrogatories to the plaintiff, Jo Reason, a copy of which with a commission issued to Dallas county, which commission and copy has been returned into this court by the notary public, certifying the appearance before him of the plaintiff and his refusal to answer any of said interrogatories; all of which is in evidence for your consideration. If you believe from the evidence that said interrogatories contained an inquiry of plaintiff as to whether the accident happened through his own fault and his own recklessness, and that plaintiff was afforded a fair opportunity to answer the interrogatories, then his failure to answer is to be treated as a confession that the accident resulting in injury to him was occasioned by his own fault and recklessness, and he cannot recover, and you will find for defendant."

3d. "If you believe from the evidence that defendant had a fair opportunity to answer the interrogatories propounded to him by defendant, and refused to do so, then such refusal is to be taken as a confession by him that he was drunk at the time of the accident, and he is not now permitted to deny it."

Which were refused; but the court gave the following charge: "If you believe from the evidence that defendant had a fair opportunity to answer the interrogatories propounded to him by defendant,

and refused to do so, then such refusal is to be taken as a confession by him that he was drunk at the time of the accident."

It is urged that the court erred in refusing to give the instructions asked.

The statute provides: "If the party interrogated refuse to answer, the officer executing the commission shall certify such refusal; and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed." R. S., 2243.

It further provides, in reference to taking the testimony of an adverse party, that "his examination shall be conducted and his testimony received in the same manner, and according to the same rules which apply in the case of any other witness, subject to the pro· visions of the succeeding articles of this chapter." R. S., 2239.

The only succeeding part of the chapter which has any bearing on the question under consideration is that which provides that notice to the party whose testimony is to be taken of the filing of the interrogatories and service of a copy thereof is unnecessary, and that the interrogatories are leading shall be no objection to them. R. S., 2240.

In so far as the confession of the fact that the appellee was drunk is concerned, the charge given surely went as far as could be desired or as the law would authorize. The question arises whether the court erred in refusing to give the second instruction asked.

Waiving all consideration of the fact that the plaintiff did answer the interrogatories within eight days after he refused to answer them, and nearly two years before the case was tried, it becomes necessary to inquire whether the interrogatory, "Was it not your own fault and carelessness?" was such as the law permits propounded to a witness or requires even a party to a suit to answer.

The objection to the question is not that it is leading, but is that it calls for the opinion of the witness and not for facts. Such a question, if propounded to a witness not a party to the suit, would be objectionable, and if answered the answer would be rejected. Under the statute the examination of the witness, though a party, is to be made as would be the examination of any other witness, except that to such a witness a leading question may be put, and the testimony of such a witness must be received or rejected under the same rules which apply to the evidence of any other witness.

The interrogatory called for the opinion of the witness in reference to a matter which it was for the jury to determine under a proper charge, from facts to be proved, and if propounded to one not a party to the suit, with its answer, would be excluded. Abbott's

Trial Evidence, 586; Wharton on Evidence, 509; 1 Greenleaf, 440; Stephen's Digest of Evidence, 103; 1 Phillips on Evidence, 778; Robinson v. Perry et al., 21 Ga., 183; Thornton v. Adkins, 19 Ga., 466; Hopkins v. Railroad Co., 78 Ill., 32.

The rule has been applied in many cases in which negligence was sought to be established by general interrogatories calling for the opinion of the witness, of which the following are examples: Crofut v. Brooklyn Ferry Company, 36 Barb., 201, in which negligence was sought to be proved by interrogatories as follows: "Was the collision caused by any negligence of yours?" "From what you discerned of the tug in coming down, was she in fault?"

In Teall v. Barton, 40 Barb., 143; a witness was asked whether he considered it dangerous to use a dredge without a spark-catcher.

In Bryant v. Glidden, 39 Me., 460, inquiry was made of commissioners, "Whether or not they exercised great care in the discharge of their duty, in examining the premises, hearing the parties, and arriving at their final decision and making their report."

In Otis v. Thom, 23 Ala., 472, witnesses were permitted to state "that they thought, had the steamboat returned to the assistance of the flat when the call for assistance was made, the stage could have been saved."

In Livingston v. Cox, 8 Watts & Serg., 62, which was an action against an attorney-at-law for negligence in the prosecution of a claim, a witness was permitted to say, "it was his opinion that Mr. Livingston exercised a sound discretion in reference to Mr. Cox's claim."

In Weaver v. Ala. C. M. Co., 35 Ala., 183, a witness was permitted to state "that, if the flat boat had had on her a proper light, so as to have enabled the steamboat to have discerned it, the collision would not have occurred."

In all these cases the holding was that the opinions of the witnesses were not admissible.

Under the statute, as before said, the evidence of a party to a suit, taken on interrogatories filed by the adverse party, is to be received or rejected by the same rules as would be the evidence of any other witness. This being true, it follows, had the witness answered the question, his answer would not have been admissible if objected to; and it is certainly true that his failure to answer an improper interrogatory would not justify the court in instructing the jury that they must take as confessed an answer most favorable to the party seeking it, when neither the interrogatory nor answer would have been admissible

There is much conflict in the evidence as to whether the appellee was intoxicated at the time he received the injury; but it is unimportant what his condition was in this respect, if the injury to him resulted from the negligence of the appellant or its employees, unless his own negligence contributed to the injury; and the jury were at liberty in considering that matter, as well as the probability of his statements, to look to his condition at the time under all the facts in proof, and under the charge of the court as to his confessed drunkenness.

There is no testimony, except that of the appellee, bearing directly on the manner in which the injury was inflicted, and in his testimony, given at different times, there is some conflict in reference to some minor matters.

The testimony of Wright, the yard-master, however, tends to confirm the statement of the appellee as to the manner in which the injury was caused.

The testimony of the witness Hall tends to show that such was the construction of the platform on which the appellee says he was when struck, that the cars, in passing, extended over it some eighteen inches; his own testimony shows that there were no lights at the depot.

If these things were true (and whether so or not was for the jury), the evidence shows a want of due care by the appellant towards persons who might visit its depot in the night to take passage on its trains, and also renders it probable, taking all the evidence together, that the appellee was not negligent in being in the position which the evidence tends to show he occupied when struck by the car. At least there is no such case made by the evidence as would justify this court in holding that the verdict is manifestly without evidence or contrary to the evidence. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 20, 1884.]