Opinion by
Willson, J.
§ 655. Opinion of witness, what is; admissible evidencei, ivlien; case stated. Appellee purchased a ticket entitling him to be carried over appellant’s road from Keller to Port Worth. He took passage on a freight train. On the route the train was stopped for the purpose of switching some cars, and in recoupling the cars of the train, the caboose, in which he was seated, received a shock, which threw him from his seat against a stove, whereby, he alleged, he received serious personal injuries, damaging him $1,000, to recover which he brought this suit, which resulted in a verdict and judgment in his favor for $500.
On the trial appellee, who was a witness in his own behalf, was asked by his counsel, “Whether or not the force of the returning train to couple to your car -was of unusual force?” Appellant objected to this question because it called for the opinion of the witness, and because the witness was not qualified to answer it. Witness was permitted to answer, and answered: “The force of the concussion of the train and the caboose when coupling was very unusual and unnecessary.” Held: As a general rule, the proposition that a witness will not be permitted to state his opinion or conclusion is correct. *572 [R. R. Co. v. Reason, 61 Tex. 613.] But the answer of the witness was not a mere opinion or conclusion. Mr. Wharton asks the question, “What is an opinion?” and answers it thus: “The true line of distinction is this: an inference necessarily involving certain facts may be stated without the facts; but when the facts are not necessarily involved in the inference (e. g., when the inference may be sustained upon either of several distinct phases of fact, neither of which it necessarily involves), then the facts must be stated. In other words, when the opinion is the mere short-hand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based.” [1 Whart. Ev. § 510.] The witness answered that the force of the concussion was unusual and unnecessary. This was a mere short-hand rendering of the fact of negligence, and does not come within the general rule excluding opinions. And this testimony was properly admitted upon another ground. The opinion of a witness as to matters with which he is specially acquainted, but which cannot be specifically described, is admissible. [1 Whart. Ev. § 512.] Appellee testified that he had traveled a great deal on freight trains. This experience might reasonably be supposed to have familiarized him with the usual and necessary force of concussions occurring in the coupling of cars, and qualify him to state whether or not the concussion in this instance was unusual and unnecessary. The force of the concussion was something which could not be specifically described.
§ 656. Charge of court regarded as excepted to; this rule does not apply when. Appellant objects to the charge of the court, that it did not contain all the law of the case. He requested no additional charges that were not given. He did not call the attention of the court to any omission in the charge in his motion for a new trial. Such objection cannot be considered in this court. Charges given by the court are to be regarded as excepted to, but this does not relieve a party from the duty of re *573 questing additional instructions, if, in his opinion, those given are not full enough. If he fails to request additional instructions, he cannot be heard to complain that the charge given did not present all the law of the case. [Dist. Court Rules, 66, 67; W. & W. Con. Rep. § 710; R. S. art. 1318; ante, § 135.]
April 18 1885.
Affirmed.