MISSOURI PACIFIC R'Y CO. v. W. P. HARMONSON.

(No. 6216.)

APPEAL from Denton County. Opinion by HURT, J.

J. D. FERGUSON, counsel for appellant.

No counsel appeared for appellee.

§ **91.** *Railroad companies; breach of contract to furnish cars; damages.* Suit in justice's court brought by appellee against the company to recover damages for failing to furnish cars to ship cattle as per agreement, damages claimed being $200. He recovered $100 in the justice court, and the company appealed to the county court, where appellee again recovered $100, and from this judgment the company appeals to this court. Upon the trial the appellee was permitted, over objections, to prove an oral agreement between the agent of the company and himself by which the company agreed to furnish two cars at 10 o'clock, Thursday morning, August 9, 1888, each costing $104. This agreement was made on Tuesday, August 7, 1888. The cars were not furnished. Counsel for appellant contends that the appellee's suit was for the penalty denounced by the act of the twentieth legislature for failure to furnish freight cars after demand therefor in writing, etc., and hence no verbal demand would suffice. There is not the slightest

intimation in this record that this suit was brought under the provisions of said act. This is a suit based upon a breach of contract, the amount sought to be recovered being the damages resulting from such breach. Appellant agreed to furnish cars for the transportation of beef cattle to Chicago at a certain time and place. Appellee drove his cattle at the time and to the place agreed upon, but the cars were not furnished as per agreement. Appellee, failing to get the cars, drove his cattle through the mud about ten miles to Justin, a station on the Santa Fe road, and shipped to Chicago by that route. The cattle were without food for twenty-four hours. This suit is to recover the damages resulting to the cattle from the above facts. There was no error in permitting proof of a verbal contract. Appellee propounded this question to the witness Peters: "State how much said cattle were damaged." Counsel for appellant objected because it would elicit an opinion merely, and not facts. Objection was overruled, and the witness answered: "I can safely say that they were damaged $2 each head by travel and loss of feed." Peters had been handling cattle for years; had shipped a great many himself; he knew the appellant's cattle, and the road they traveled to Roanoke. He says they were badly "drawn" when shipped on the Santa Fe railroad. They had not eaten anything for twenty-four hours. He shows himself quite competent to give an opinion, if it be an opinion, as to the amount said cattle had been damaged. There was no error in regard to this matter. The decision in Railway Co. v. Reason, 61 Tex. 613, and cases thereunder, do not bear upon this question. The seventh, eighth and ninth assignments present the same question, which is, Does the act of the twentieth legislature abrogate the common-law right to damages in such a case as this? Evidently it does not.

April 23, 1890.                     Affirmed.