## GEORGIA RAILROAD AND BANKING CO. *v.* ADAMS.

1. The allegations in the petition showing that the plaintiff, while sustaining the relation of a passenger to the defendant company, and at a time when he was on the platform constructed and maintained by the defendant for the use of its passengers at a station on its line, received a physical injury from the running of the defendant's locomotive and train, the petition was not subject to general demurrer.

2. The court did not err in "failing to eliminate" certain allegations in the petition, it appearing that there was material evidence introduced having some relevancy thereto.

3. A judgment refusing a new trial will not be disturbed by this court because of newly discovered evidence which is merely cumulative.

4. There being evidence to show that the relation of carrier and passenger existed between the plaintiff and the defendant, and it being admitted by the defendant that the plaintiff had received physical injuries by the operation of its locomotive and train, and the court having charged, upon request of the defendant, that "the mere fact that plaintiff has charged any particular matter as being negligently done or left undone does not warrant you in treating it as negligence. You must determine that question from the evidence," it did not err in qualifying this by adding the following: "always bearing in mind the presumption of law as to negligence, under the pleadings in the case, to which your attention has been called, and the burden that has been placed upon defendant by reason of that presumption."

5. There was sufficient evidence to authorize the jury to find in favor of the plaintiff, and the court did not err in refusing to set aside the verdict on the ground that it was contrary to evidence and without evidence to support it.

Submitted July 18, 1906.—Decided January 18, 1907.

Action for damages. Before Judge Lewis. Greene superior court. August 30, 1905.

Adams brought suit against the railroad company to recover damages for the loss of an arm, resulting from the alleged negligent running and operating of the defendant's locomotive and train. It

appears, from the record, that the plaintiff was a passenger en route from Athens to Sparta, both stations being on the defendant's road; that a change of cars was necessary at Union Point, and that while waiting at the latter place for the arrival of his train, he was struck by an engine and cars on said road and injured as aforesaid. The plaintiff alleged, that at the time of his injury he was walking along the edge of a platform constructed and maintained by the defendant for the use and occupancy of its passengers and patrons; that the engine and train which caused the injury approached him from behind, and that the engine was then being operated at a dangerous rate of speed, and failed to ring the bell, blow the whistle, or give any other signal of its approach; that he had no knowledge of the approach of the train, and did not know that the engine would extend over the platform and strike a person standing on the edge thereof. The plaintiff introduced testimony to sustain the material allegations of the petition, but much of the evidence for the defendant was in sharp conflict with that introduced by the plaintiff. The jury having returned a verdict in favor of the plaintiff, the defendant made a motion for a new trial, in which it alleged, in addition to the general grounds, (1) that the court erred in charging the jury as set out in the fourth division of the following opinion; (2) that the court erred "in that it failed, by its charge, to eliminate from the consideration of the jury certain allegations of negligence charged in the petition and the amendment thereto, there being no evidence to sustain such allegations, viz. in not eliminating the following:" (specifying the allegations referred to); and (3) newly discovered evidence. The court overruled the motion for a new trial, and the defendant excepted.

*Joseph B. & Bryan Cumming* and *James B. & Noel P. Park,* for plaintiff in error, cited: *Ga. R.* 113/713; 119/833, 836; 112/181; 97/712; 88/726; 83/595; 82/404, 405; 78/700; 70/208; 131 Fed. 837; 140 Fed. 129; 3 Ell. R. R. § 1253.

*Smith, Berner, Smith & Hastings, James Davison,* and *S. H. Sibley,* contra, cited: Civil Code, § 2266; *Ga. R.* 58/461(2); 70/-209(5); 98/446; 116/644; 123/393; 113/708; 122/82(4); Hutch. Car. § 501; 6 Cyc. 536, 541, 609; 72 Mo. 392; 106 N. Y. 265; 88 N. Y. 203; 61 Tex. 613.

BECK, J. (After stating the facts.)

1. The ruling in the first headnote is fully sustained by the de-

cisions of various courts and by text-writers, as will appear from a perusal of the authorities cited in the last division of this opinion.

2. The complaint in the second ground of the amended motion, that the court erred because it failed by its charge to eliminate from the consideration of the jury certain allegations contained in the petition and the amendment thereto, because there was no evidence to sustain such allegations, was not well founded. While the evidence may not sustain the allegation that "said engine was running at a high and dangerous rate of speed, to wit, a speed of twenty miles per hour at said place, and the defendant was negligent in operating said engine at said high rate of speed at said place," to the extent of showing that the speed was actually equal to the rate of twenty miles per hour, still there was some evidence from which the jury might have found that, all the facts and circumstances considered, the rate of speed at which the engineer himself testified that he was operating said engine just before the plaintiff was struck amounted to negligence in the handling and operation of the locomotive and cars of the defendant company. And a similar observation in regard to the other portions of the same ground of the motion is manifestly just as appropriate in view of the record in the case.

3. The alleged newly discovered evidence upon which the third and last ground of the amended motion for a new trial is based is evidently and admittedly merely cumulative, and no argument or citation of authorities is necessary to demonstrate that this ground presents no adequate reason for setting aside the verdict in this case.

4. The court, having charged (at the request of the plaintiff in error) that "the mere fact that plaintiff has charged any particular matter as being negligently done or left undone does not warrant you in treating it as negligence. You must determine that question from the evidence," did not err in qualifying this charge by adding: "always bearing in mind the presumption of law as to negligence, under the pleadings in the case, to which your attention has been called, and the burden that has been placed upon defendant by reason of this presumption;" as is manifest when we take into consideration the fact that the allegation in the petition in regard to the plaintiff's being a passenger was not disputed, and that the fact of his injury by the operation of defendant's train was admitted.

Those facts having been proved or admitted, the plaintiff was entitled to have the jury keep before their minds that presumption at all stages of the investigation when passing upon the question relative to the defendant's exercise or failure to exercise due care and diligence. The qualification of the requested charge, quoted above, is not open to the criticism that it "practically instructed the jury that if the plaintiff chose to characterize anything whatsoever as negligence, the presumption was that that act or thing was negligence;" nor was it in effect instructing the jury that "a given state of facts presumptively constitutes negligence, if the plaintiff so charge;" nor, in giving said charge with its qualification stated, was there any invasion of the province of the jury to determine, when the actual facts were placed before them by evidence, whether a given state of facts does or does not constitute negligence.

5. The plaintiff received severe physical injuries by the operation of a locomotive and train of the defendant company. At the time of his injury the relation of passenger and carrier existed between him and the railroad company. The plaintiff was on his way from Athens to Sparta, and, when injured, was at a junction point on the defendant's line of railroad, at which place, in order to continue his journey after the arrival of the train which brought him from Athens, it was necessary for him to leave the Athens train, change cars, and take a train which would carry him on to his destination. According to his testimony, upon the arrival of the Athens train, he went into the depot and asked the agent about the train upon which he was to continue his journey from Union Point. · Upon being informed that he would have to wait about an hour and forty-five minutes, he began to traverse the platform for purposes stated in his testimony; and while on or near the edge of the platform which runs near the main track of the defendant company, he was struck by an engine that approached him from behind. The platform upon which plaintiff was walking at the time he received his injuries had been constructed and was maintained by the railway company, and was used by its patrons and passengers when leaving and entering its cars, and while waiting for their arrival. After having left the Athens train, and while waiting on the platform for the arrival of the one which was to carry him to his destination, plaintiff did not cease to be a passenger. 6 Cyc. 541, and cases cited. In consequence of the ex-

istence of this relation between plaintiff and defendant, the latter owed the other certain duties, and among them, relatively to the safety of the passenger, the duty of exercising extraordinary diligence, on behalf of itself and its agents, to protect the person of the plaintiff. At the time of his injury, the plaintiff was on the platform referred to; near the edge of it, it is true, but still, whether he was beyond the limits within which a man of ordinary caution and prudence would have confined himself was a question for the jury. Certainly it could not be held, as a matter of law, that the use of any part of the platform, which the railway company had itself constructed and seemingly invited its patrons and passengers to use, was contrary to the dictates of common prudence and ordinary care and diligence for his own safety, by one who was ignorant of the fact that his position on or near the edge of the platform was one of danger.

Likewise, whether or not the company was in the exercise of due care and diligence to provide for the safety of its passengers, in maintaining a platform so near the track that one occupying a position on the edge was in danger on account of the overhanging of certain portions of the locomotive and cars, under our law was to be settled by a verdict of the jury, just as it was to settle the other questions and issues of fact as to whether the locomotive which struck the plaintiff was being negligently run and operated at the time of the occurrence referred to. As being closely in point, the following extract is quoted from the case of Dobiecki *v.* Sharp, 88 N. Y. 203: "In an action brought to recover damages for alleged negligence causing the death of D., plaintiff's testator, plaintiff's evidence tended to show that D. crossed the tracks of the railroad operated by defendant, in front of an approaching train, to a platform constructed for the accommodation of passengers taking local trains, and after reaching and while standing upon the platform was struck by a car of the train and killed. The train was an express train which did not stop at the platform. The car projected from three to five inches over the platform. *Held,* that the questions as to negligence and contributory negligence were properly submitted to the jury; that proof of the construction of car and platform so that the former projected over the latter was sufficient to make the question of defendant's negligence one of fact; that the fact that the platform in question was not connected with a depot, but simply

for the accommodation of a certain class of passengers, did not exonerate defendant from liability; that it was not to be assumed, without proof, that D. must have known that the platform was for a train which he did not intend to take, so that he was negligent in being there; also that D. had a right to assume that he could stand upon the platform without being exposed to unnecessary hazard or danger." See also Hutch. Carr. (2d ed.) §§ 516, 517. Another case in point is that of Langan v. Railway Co., 72 Mo. 392. In that case, the facts of which render all that was there said applicable to the question which we now have under consideration, it was held,. that "the plaintiff was not a trespasser on the track, but was on the platform provided and designated by the company for the occupancy of passengers who desired to enter its trains, and also for those carrying the baggage of such passengers, and had a right to presume that, so long as he occupied any part of the platform, he would be in no danger of being struck by an approaching train, there being no evidence that he was aware of the fact that the bumper of the engine extended from the side thereof eighteen inches over the track, but, on the contrary, his positive statement that he was not aware of such fact." And it was further said, in distinguishing the case last cited from a case of one who was killed by being run over by a train while on the track of the railroad, where he had no right to be, that "in the case of a passenger awaiting a train on the platform provided by the company for his occupancy, the same rule does not obtain; for, being in a place where he is invited to be by the company, he has a right to suppose that he will be safe from collision with a train running on the track, so long as he occupies a place on the platform; and the mere fact that plaintiff, while on the platform, did not look behind him for an approaching train, can not be held evidence of contributory negligence. . . Negligence is not imputable to a person for failing to look out for danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended." See, in that connection, *Atlanta, K., & N. R. Co.* v. *Gardner*, 122 Ga. 82 (4). See also, Archer v. Railway Co., 106 N. Y. 589; Railway Co. v. Reason, 61 Tex. 613. Cases which deal with the question of the liability or non-liability of railway companies for injuries inflicted upon mere licensees or trespassers who are struck and injured by

the locomotive and cars while upon the track of the company sought to be made liable, or so near to such track as to be within the sweep of the overhang of the cars, throw but little light upon the question now under consideration in the case at bar, and do not at all disturb the conclusion that we have reached, after a careful consideration of the evidence in this case and of the law and the authorities bearing upon the issues made by the evidence, that it was a question of fact, for determination by the jury, whether the plaintiff was injured in consequence of the defendant's failure to exercise due diligence, under all the surrounding circumstances, to protect the person of the plaintiff, and whether, at the time, the plaintiff himself, in the exercise of due diligence and caution, could have avoided the consequences to himself of defendant's negligence, after that negligence was existing as to him, and was perceived by him.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*