## GEORGIA RAILROAD AND BANKING CO. *v.* LLOYD.

1. The petition sets forth a good cause of action, and was not subject to general demurrer.
2. A ground of a motion for a new trial based on the admission of evidence should set forth the evidence literally or in substance, unless the evidence is attached to the motion as an exhibit; and it must further appear from the motion what specific objections were raised to the admission of the testimony, and further that such objections were made when the testimony was offered.
3. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

Argued June 26,—Decided December 19, 1907.

Action for damages. Before Judge Lewis. Greene superior court. December 17, 1906.

*Joseph B. & Bryan Cumming* and *James B. & Noel P. Park,* for plaintiff in error. *John T. West* and *Samuel H. Sibley,* contra.

BECK, J. 1. This was an action brought by Miss Gertrude Lloyd against the Georgia Railroad and Banking Company, to recover damages for personal injuries. According to the allegations of the petition, the plaintiff was a passenger en route from Athens to Harlem, both stations being on defendant's road. At Union Point, where the injury occurred, the plaintiff was required to change cars and wait for her train. She remained in the waiting-room of the depot until time for the arrival of the train on which she was to continue her journey, and then with other passengers left said waiting-room to go out upon the platform preparatory to boarding the train. The passageway from the waiting-room to the point where passengers board the train ran between the depot and the railroad track, and was not more than three feet wide. Upon this passageway several baggage-trucks had been placed by the employees of the defendant, and a number of negroes were seated upon said trucks, thus compelling the plaintiff to pass be-

tween said trucks and the edge of the passageway next to the track. As petitioner was passing said trucks, walking upon said platform, entirely ignorant of the near approach of the train, the engine of the defendant approached her from the rear; and without any warning or signal to her, a portion of the engine, which projected over the platform, struck petitioner on the back, knocking her down and inflicting the injuries complained of. The plaintiff alleges that the defendant was negligent in failing to provide an adequate depot and platform for the accommodation and safety of its passengers, in that it built said platform too near the track, so that it was overhung by a part of the engine as aforesaid; and placed said trucks upon said platform and permitted negroes to congregate thereon, thus compelling petitioner to walk too near the track. It is also alleged that the engine of defendant which struck the plaintiff was running at a high and dangerous rate of speed, and the persons in charge thereof failed to keep a proper outlook, and failed to give any signal or warning to petitioner of the approach of said train, the nearness of which was unknown to petitioner.

We are of opinion that the petition sets forth a good cause of action, and that the court did not err in overruling the general demurrer of the defendant. See *Georgia R. Co. v. Adams,* 127 *Ga.* 408 (56 S. E. 409). The allegations in the case at bar, in so far as they relate to the relation of the plaintiff to the defendant at the time the injuries complained of were received by the former, as well as the allegations relative to the acts of negligence upon the part of the defendant, and those setting forth various facts and circumstances upon which the plaintiff's cause of action is based, are substantially the same as those in the *Adams* case, supra, where it was held that the petition was not subject to general demurrer.

2. The second ground of the amended motion complains of the admission of testimony, but fails to state what, or that any, objections were raised and urged to the admission of the testimony upon the trial of the case. In this ground of the motion are set forth colloquies between the court and counsel for both parties, upon which it to be inferred that the testimony referred to was objected to, and then follows a statement of the ground upon which it is now contended that such testimony was illegally ad-

mitted, but it is nowhere in the motion distinctly or directly stated that these grounds were urged before the trial judge. It is unnecessary to cite any one of the numerous cases decided by this court in which it has been held that the ground of a motion for a new trial based upon the admission of testimony should show what objections were made to the admission of the testimony at the time it was offered during the progress of the trial. A number of such cases can be found in 9 Michie's Digest of Georgia Reports, 701. Another ground of the motion for a new trial also complains of the admission of the testimony of a named witness, but it states neither literally nor in substance the testimony of the witness there referred to. Consequently no question is raised by this assignment of error for decision by this court.

3. While the case is a close one upon the facts, and the evidence is conflicting upon several of the issues involved, there was sufficient evidence to support the verdict. The trial judge in the exercise of his discretion has seen fit to approve the finding of the jury, and the judgment will not be disturbed.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*