## 8353. HARRISON *v.* THE STATE.

</div>

1. Disqualification to render judgment on a motion for a new trial in a criminal case does not result from the judge's use of language condemnatory of the accused, when imposing sentence.

2. The objection that the instruction to the jury, that they "must be satisfied of the guilt of the defendants beyond a reasonable doubt," excluded from consideration the question whether one of the defendants might be guilty and the other innocent, is without merit, in view of other instructions given.

3. It was not reversible error to use the word "absolutely," in the instruction that "where a witness has been successfully impeached—where his unworthiness of credit has been absolutely established," the jury should disregard his entire testimony unless corroborated.

4. A new trial is required because of an intimation of the judge's opinion as to the facts, in his instruction to the jury that "if the instrument used in the manner in which it was used on this occasion was a weapon likely to produce death, then the law, from the use of such a weapon in such manner, would imply malice."

5. The instructions of the court on the subject of conspiracy are not subject to the exceptions taken.

6. Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial, unless a motion to declare a mistrial on that ground has been made and refused.

7. The charge of the court was subject to the objection that, after stating the defendant's contentions and instructing the jury that he insisted that the cutting and shooting were justifiable, the judge erred in failing to charge that if the jury found that the cutting and shooting were in self-defense and justifiable, they would be authorized to acquit the defendant.

<div align="center">

DECIDED JUNE 13, 1917.

</div>

Indictment for assault with intent to murder; from Decatur superior court—Judge Cox. December 30, 1916.

*M. E. O'Neal, W. V. Custer,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper,* contra.

WADE, C. J. 1. The trial judge was not disqualified from passing upon the motion for a new trial because when imposing sentence he had used language strongly indicating his belief in the guilt of the defendant. Any rational disinterested person compelled to give attention to the testimony adduced at a criminal trial, by reason of the fact that the proper conduct thereof rested upon him as the presiding judge, must necessarily form some opinion as to the guilt or innocence of the accused. To hold that an expression from the trial judge of his opinion that the accused is guilty, after the jury has returned a verdict so finding, would effectually disqualify such a judge from passing upon a motion for a new trial, and would negative the possibility of his fairly exercising the discretionary power vested in him by law as to the grant of a new trial on a review of the evidence, or would either invite or insure rulings on questions of law raised in such a motion adverse to the defendant, would bring into question the impartiality of every trial judge who uttered a word of condemnation of the crime or of the convicted criminal when imposing sentence, and throw an unmerited cloud of suspicion upon his purpose to execute the law in accordance with his official oath where anything more was then said than was necessary to simply indicate the punishment fixed by the judgment of the court. A rational, intelligent presiding judge, acquainted with the law of evidence, necessarily reaches some opinion during the progress of the trial as to the guilt of the accused, but this opinion, whether or not expressed at the time sentence is imposed, is presumably not fixed and irrevocable, but subject to change upon a review of the record when the motion for a new trial is finally presented for determination.

2. Two defendants were on trial, and the court instructed the jury that they "must be satisfied of the guilt of the defendants beyond a reasonable doubt." The objection, raised in the 4th ground of the amendment to the motion for a new trial, that this instruction excluded from the jury the question whether one defendant might be guilty and the other innocent, and presupposed that both were either guilty or innocent, is without merit, when

the excerpt complained of is considered in connection with the entire charge and the following part of the charge: "It is your right to find one of them guilty, and the other not guilty, if you find after such consideration of the case that one has been proven guilty and you have not been satisfied or convinced of the guilt of the other."

3. When taken with its context, there was no reversible error in the use of the qualifying word "absolutely," in the instruction that "where a witness has been successfully impeached— where his unworthiness of credit has been absolutely established, it becomes the duty of the jury to discard or disregard the testimony of that witness in its entirety, unless it be corroborated by other material evidence in the case which you do believe, or unless corroborated by the proven circumstances of the case." "Absolutely," as used in this connection, may be properly understood to mean "completely" (Standard Dictionary), or fully, thoroughly, entirely, or beyond a reasonable doubt; and unless a jury be satisfied that a witness is completely or absolutely unworthy of belief, his testimony should not be discarded or disregarded in its entirety, though not corroborated. See, in this connection, *Elliot* v. *State,* 138 *Ga.* 23, 24 (2) (74 S. E. 691).

4. The defendant was tried for the offense of assault with intent to murder. While the use of a weapon likely to produce death raises a presumption of malice, where there are no circumstances of mitigation or exculpation (*Flannigan* v. *State,* 135 *Ga.* 221 (4), 69 S. E. 171), and malice may be implied from the bloodthirsty or brutal use of a deadly weapon (*Ray* v. *State,* 15 *Ga.* 223; *Hawkins* v. *State,* 25 *Ga.* 211, 71 Am. D. 166), the instruction complained of in the 6th ground of the motion for a new trial, that "if the instrument used in the manner in which it was used on this occasion was a weapon likely to produce death, then the law, *from the use of such a weapon in such manner,* would imply malice" (italics ours), under the particular facts and in view of the defense interposed, was error, as it amounted to an intimation of opinion on the part of the trial judge that the weapon used had not been used under circumstances of mitigation or exculpation, notwithstanding the further instruction that the law "would not imply the intent to kill," but that such intent was a question to be determined by the jury, from all the facts and circumstances developed in the trial,

and that the "intent to kill is a necessary ingredient of the offense of assault and intent to murder." This error was harmful to the accused, and, under the mandatory provisions of section 1058 of the Penal Code, requires the grant of a new trial.

5. There is no merit in the 7th ground of the amendment to the motion for a new trial, for the charge of the court on the subject of conspiracy does not appear to have been harmful to the accused, nor did it reasonably tend to confuse the jury as insisted by the plaintiff in error.

6. The 8th ground of the motion for a new trial is wholly without merit. Without determining whether the remarks addressed to counsel for the accused by the court "tended to impress the jury with the idea that counsel for the defendant was persona non grata to the judge," and therefore tended to minimize the influence of counsel with the jury to the harm of the defendant, it suffices to say that no motion was then and there made to have a mistrial declared; and, "counsel having failed to make such motion and having proceeded without objection with the trial, can not, after conviction, raise the question as to the prejudicial nature of the remarks complained of, in a motion for a new trial." *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184) ; *Rogers* v. *State,* 18 *Ga. App.* 332 (89 S. E. 460). What is here said applies equally well to grounds 9, 10, 18, and 19, all of which complain of alleged improper remarks made by the court in the presence of the jury, in the form of queries addressed to witnesses while on the stand, and colloquies thus arising. Prejudicial remarks made by the court in the presence and hearing of the jury furnish no good ground for a new trial, unless a motion to declare a mistrial is made and refused. See *Stapleton* v. *State,* 19 *Ga. App.* 36 (15) (90 S. E. 1029) ; *Wilcox* v. *State,* 19 *Ga. App.* 83 (4) (90 S. E. 1032).

7. The 11th ground of the motion for a new trial complains that the court, after summing up the contentions of this defendant and instructing the jury that he insisted that the cutting and shooting were justifiable, failed to instruct them, in this connection or elsewhere, that if they found that the shooting was in fact in self-defense and justifiable, they would be authorized to acquit the defendant. It is "erroneous to sum up the contentions of the accused, the same, if true, making a clear case of justifiable homi-

cide, without distinctly informing the jury that if the accused were justifiable in his act, he should be acquitted." *Waller* v. *State,* 102 *Ga.* 684 (28 S. E. 284).

8. The remaining special grounds of the motion relate to matters which could not recur on another trial, and they need not be considered. Because of error in the instructions complained of in the 6th and 11th grounds of the motion for a new trial, and dealt with above in the 4th and 7th paragraphs, the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. George and Luke, JJ., concur.*