18574.  EDENFIELD *v.* THE STATE.

BLOODWORTH, J.  1.  Even if it be admitted that the court erred in permitting a witness for the defendant on cross-examination to swear, over objection: "I plead guilty to possessing liquor at the last term of court," as tending to impeach the witness, a new trial should not be granted the defendant because of this evidence, as another witness swore to the same fact and it went to the jury without objection.

2.  A ground of a motion for a new trial which states that certain evidence was admitted over "the timely objection of counsel," and does not show what the objection then urged was, is not complete.  It must affirmatively appear what objection was then and there urged, and that the court passed upon this specific objection.  It is not sufficient to say that an objection was urged, and later, in the motion, give reasons why the evidence should not have been admitted.  *Grace* v. *McKinney*, 112 *Ga.* 425 (2) (37 S. E. 737); *Butts* v. *State*, 118 *Ga.* 750 (45 S. E. 593); *Georgia Railroad &c. Co.* v. *Lloyd*, 129 *Ga.* 650 (2), 651 (59 S. E. 801).  See, in this connection, *Duke* v. *Ayers*, 163 *Ga.* 444, 452 (136 S. E. 410).

3.  "Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete within itself.  When, for a proper understanding of it, it is necessary to refer to another special ground of the motion, or to the record, it will not be considered."  *Jennings* v. *State*, 22 *Ga. App.* 550 (96 S. E. 397).

4.  "Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial, unless a motion to declare a mistrial on that ground has been made and refused."  *Harrison* v. *State*, 20 *Ga. App.* 157 (6) (92 S. E. 970).  See *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184).

5.  The rulings in the foregoing cases dispose of special grounds 5, 6, and 7 of the motion for a new trial adversely to the contentions of the plaintiff in error.

6.  We can not say that there is no evidence to support the verdict.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 10, 1928.

---

Criminal Law, 16 C. J. p. 1124, n. 87; p. 1147, n. 58; p. 1217, n. 44; p. 1219, n. 72.

Making intoxicating liquor; from Emanuel superior court—Judge Camp presiding.　October 1, 1927.

*I. W. Rountree, Alfred Herrington Jr.,* for plaintiff in error.

*A. S. Bradley, solicitor-general,* contra.