21830. THOMPSON *v.* THE STATE.

DECIDED DECEMBER 15, 1931.

*F. Joe Turner Jr.,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. The indictment in this case charges that on March 14, 1931, in Fulton county, Georgia, Golson Hook, Spencer Dempsey, and John Thompson did, "by force and intimidation, take from the person of Ed. Whidby, without his consent and with intent to steal the same, sixteen dollars and ninety-five cents, . . the property of the said Ed. Whidby. . ." Thompson was convicted, and he excepts to the overruling of his motion for a new trial.

Ed. Whidby testified, in substance, that on March 14, 1931, he was working at a parking-lot in Atlanta, Fulton county, Georgia; that immediately after one L. R. Hunter had parked a closed Chrisler automobile there, the defendant John Thompson and "his two buddies" asked witness if he had a "Ford roadster 30 model;" that when witness said, "Show me your ticket and I will tell you

where it is," John Thompson drew a pistol on witness and ordered him to "walk towards the back and say nothing, . . or he would shoot;" that when witness turned around the other boy had a pistol on him; that Thompson then said, "I want a car to-night, and I am going to have it;" that when witness reached the back of the lot Thompson ran his hand in witness's pocket and got his money; that one of the other boys who appeared to be looking for a car got in L. R. Hunter's automobile and backed out, and "John Thompson went around the back and met him by the fire-station;" that defendant took $16.95 from witness at the point of a pistol, that a part of the money belonged to witness and the rest to the company; and that Thompson looked straight at witness while robbing him and witness "could see him well and knew that he was the robber."

Other testimony was introduced by both the State and the accused, but it would answer no good purpose to set it out. Suffice it to say that the defendant denied that he committed the robbery, and adduced evidence to sustain his contention, but that the jury saw fit to believe the State's witnesses. In such case it is not within the province of this court to grant a new trial upon the general grounds of the motion for a new trial.

Special ground 1 complains that "the court erred in permitting witness J. T. Snipes, sworn for the State, over the timely objection of the defendant that said testimony was irrelevant and incompetent, and not explaining any issue in the case at bar, to testify regarding another alleged transaction of robbery, larceny of an automobile, etc., as follows:" It is then shown by the ground that the gist of Snipes' testimony was: that on March 14, 1931, in Atlanta, Ga., three boys, one of whom was the defendant and one of whom was Golson Hook, came to a parking lot at which Snipes was working, at about seven o'clock at night; that the boys pretended to be looking for an automobile, and one of them said, "Show him your ticket;" and that Golson Hook suddenly put a pistol on witness and one of the party robbed him of $14.60. It further appeared from the ground that one of the boys, "Dempsey," then got in a car belonging to one Toefel and drove off.

It is essential that a ground of a motion for a new trial complaining of the illegal admission of evidence should show that the movant objected to the evidence at the time it was offered. *McFarland* v. *Darien & Western R. Co.*, 127 *Ga.* 97 (2) (56 S. E. 74);

*Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130); *Hardy* v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101); *Clare* v. *Drexler,* 152 *Ga.* 419 (3) (110 S. E. 176); *Cashin* v. *State,* 18 *Ga. App.* 87 (3) (88 S. E. 996). In the *Cashin* case it was said: "To say merely that a new trial should be granted because the court erred in admitting the testimony 'over the timely objection of movant's counsel, movant's counsel contending that said evidence was irrelevant,' does not show that this contention was made at the trial." It follows that the assignment that Snipes testified "over the timely objection of the defendant" is defective. Hence, the question whether the testimony was admissible to throw light upon the defendant's identity (which was the main issue in the case) is not for decision. In this connection, however, see *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46).

The first special ground concludes in these words: "The court admitted said testimony and adjourned until the following day with this prejudicial and harmful testimony resting in the breasts and minds of the jurors until the following morning, all of which this defendant complains of as being error and injurious, although the court, the following morning, excluded it from the consideration of the jury, which injury the exclusion of said testimony failed to heal and cure." Having declined to pass upon the admissibility of the evidence, this court can not now assume that it was inadmissible and harmful.

Special ground 2 complains that the court "erred in permitting the solicitor-general to withdraw from consideration of the jury the positive testimony of said witness Snipes merely on a motion of the solicitor, and over the objection of this defendant." It appears from this ground that the solicitor-general requested the privilege of withdrawing Snipes' testimony "because, after court adjourned yesterday, an investigation . . satisfied us that the defendant is not guilty of that second offense." The ground then avers that "the court permitted the testimony of the witness Snipes to be withdrawn, without Snipes being placed on the stand to explain his testimony or retract it." It further appears that the court instructed the jury, "You should eradicate it from your mind altogether, . . . wholly disregard that testimony or any testimony relating to any other transaction, except the case now on trial. . ."

"Each ground of a motion for a new trial must be complete and

understandable within itself without reference to any other part of the record." *Dees* v. *State,* 41 *Ga.* 321 (5) (152 S. E. 913). Special ground 2 is incomplete for the reason that the testimony of the witness Snipes is not set out in the ground, either literally or in substance. We might also say that it does not appear from the ground that the movant made any attempt to put Snipes on the stand "to explain his testimony, or retract it." For the reasons stated, this ground is not in proper form for consideration. However, it might not be amiss to state that the general rule is: "Error in admitting testimony is not cause for a new trial, where the trial judge, in his charge to the jury, effectually withdraws it from their consideration." *Robinson* v. *Gray,* 22 *Ga. App.* 25 (95 S. E. 324), and cit.

Special ground 3 complains that the court erred in using the following language at the time he instructed the jury to "wholly disregard" the testimony of the witness Snipes as to the other transaction, and to confine their attention strictly to the "case now on trial:" "I think the solicitor did the proper thing, and decidedly a thing in favor of the defendant, to frankly admit, as he has done, that the defendant is in no way guilty as to the other offense testified to in the case."

Where, as in this case, the accused had ample opportunity to move for a mistrial because of alleged prejudicial remarks of the court, but failed to do so, and proceeded with the trial of the case without objection, he can not, by motion for a new trial raise a question as to the prejudicial nature of the remarks. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184) ; *Edenfield* v. *State,* 37 *Ga. App.* 628 (4) (141 S. E. 220) ; *Harrison* v. *State,* 20 *Ga. App.* 157 (6) (92 S. E. 970) ; *Moore* v. *McAfee,* 151 *Ga.* 270 (11) (106 S. E. 274) ; *Tanner* v. *State,* 163 *Ga.* 121, 130 (135 S. E. 917).

Special ground 4 avers that the court erred in "not requiring the solicitor to place witness Snipes on the stand and let him explain what induced him to swear positively that this defendant was the one who robbed him." Snipes' evidence is set out in the ground. It not appearing from the ground that counsel for movant indicated in any way that he desired that said witness be recalled, this ground is without merit.

Special ground 5 in full is as follows: "Because the court permitted this positive identification of this defendant to remain in

the breasts and minds of the jurors from May 21, 1931, when the trial was begun, until May 22, 1931, the day it was concluded, over and against the timely objection of this defendant that the same was irrelevant and incompetent, and not explaining any issue in the case." No evidence whatever is set out in this ground, and it is palpably not complete and understandable within itself.

Special ground 6 is so similar to the foregoing ground that we deem it unnecessary to set it out. What was said of special ground 5 applies with equal force to ground 6.

Special ground 7 alleges that the court erred "in refusing to permit the defendant to introduce in evidence the police report of City Detective George F. Barrett, which was identified as the original report made by the officers, and which report, according to their testimony, contained a description of the alleged bandits who robbed Ed. Whidby, and which report was silent as to any of the robbers being cross-eyed or cock-eyed." It is stated in this ground that the report was offered "to controvert some of the testimony of witness Whidby, and also show that he failed to specify any of the robbers as being cross- or cock-eyed." The court's ruling was as follows: "You can recall him [the police officer] and ask him to detail the description from memory, after looking at the report. He can testify to anything in it after refreshing his memory. . . You might get the same thing in that way. The report itself would not be admissible." Since the contents of the excluded report are not set forth in the ground, either literally or in substance, and the report is not attached thereto as an exhibit, this assignment is not in proper form for consideration. *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66 S. E. 240). Moreover, a careful examination of the ground satisfies us that it discloses no reason for reversing the judgment.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*