No. 25.—JOEL HALL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Under the Act of 1856 to simplify the method of carrying cases to the Supreme Court, the certificate of the Judge should contain a mandate to the Clerk to make out certify and transmit to this Court a complete copy of the record; otherwise it is not a writ of error in terms of that statute.

[2.] The defendant in a criminal case, is entitled to appear and demand his trial and have said demand put upon the minutes, notwithstanding the forfeiture of his bond for non-appearance, provided there be a jury in the box qualified to try the cause when the demand is made.

*Indictment for Larceny*, in Sumter Superior Court. Before ALLEN, Judge, October Term 1856.

The only question in this case, is one of criminal practice.

The case having been called in its order and the defendant failing to appear, an order was taken to forfeit his bond for appearance : afterwards and during the same term of the Court, defendant appeared and made a demand for trial and moved that the same be entered on the minutes of the Court.

The presiding Judge refused the motion, upon the ground, that the case having been called in its order and the bond forfeited, it was too late for defendant to make a demand for trial as provided by statute; that he could only make such demand upon the call of the case for trial or before, and not afterwards.

To which decision and ruling, the defendant by his counsel excepts, and assigns error.

McCoy & HAWKINS, for plaintiff in error.

EVANS, Sol. Gen. per LYON, for State.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The bill of exceptions in this case was certified, under the old law, and contained no mandate to the Clerk, as required

by the late act.  In *Webb, vs. Hicks*, decided at this place, June 1856, this Court held, that the defect was fatal and incurable, and dismissed the case.  We see no reason, to change that opinion.  This is no writ of error, as prescribed by the last Legislature.  And it is upon a writ of error alone, that causes can be heard, under the Constitution, in this Court.— Formerly, the mandate to the Court below, emanated from this Court:  Now, from the circuit Judge, who certifies the bill of exceptions, and without this, the Clerk has no authority to send up the record.  It must not be left to his discretion, whether he will transmit the record or not.  But counsel for the State, very properly we think, agree to waive this objection and allow the case to be heard and determined upon its merits.

The case having been called and the defendant failing to appear, his bond was forfeited; subsequently and during the same Term—but at what period, does not appear—when there was a jury empannelled and qualified to try the cause, the accused came into Court, demanded his trial and moved to have his demand placed upon the minutes.  Which motion, was refused by the Court, upon the ground, that when the case was called and the bond forfeited, was the only time when the defendant was entitled to make his demand.

Such is not the language of the code.

It enacts that, "any person against whom a true bill of indictment is found for an offence not affecting his or her life may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter; which demand shall be placed upon the minutes of the Court; and if such person shall not be tried at the term, when the demand is made, or at the next succeeding term thereafter, provided that at both terms there were juries impannelled and qualified to try said prisoner, then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment."  *Cobb* 836.

Its terms are plain.  They are imperative.  It is a law,

not to be construed, but executed. For myself I believe it to be a good act. It amounts to little more than this, a notice to the State, setting down the cause peremptorily for trial at the next term; when that term arrives, the case is under the control of the State. It has the whole term to try it. It may be called up, on the first or on any other day of the term.

But with the reasonableness of the law—we have nothing to do. We have given to it, in our judgment, the only meaning of which it is susceptible. If the Legislature is dissatisfied with the law or the interpretation, let it change or repeal it. In this case, there is no doubt but that the State, had it seen fit, could have tried the defendant at that same term, had he been arrested and brought before the Court, notwithstanding the forfeiture of the bond. And if so, why was not the defendant entitled to come in voluntarily and make his demand notwithstanding the forfeiture? The rights and privileges of the State and of the prisoner should at least be equal.

Had the forfeiture of the bond have amounted, *ipso facto*, to a continuance, for the term, our opinion might have been different. For we suppose, that it will not be pretended that the defendant could demand a trial, after the cause had been continued by himself.

Judgment Reversed.