## PRITCHETT *v.* THE STATE.

92   33
92  581

1. The fact that the door of a house was usually kept locked at night is some evidence that it was locked on a particular night, there being nothing tending to show that the usage was not observed on the night in question. Under such circumstances, the usage, together with proof that goods stored in the house disappeared therefrom and were shortly afterwards found, some of them in the possession of the accused, and some in possession of a witness for the State, against him, will be sufficient corroboration of the testimony of the witness, he testifying that the building was burglarized by himself and the accused in the night by unlocking the door, entering the house and stealing the goods.

2. Where the pressure of the case was upon the credibility of an accomplice as compared with the credibility of two daughters of the accused, the accomplice testifying that the accused was a party to the burglary, and the daughters testifying that the stolen goods found in possession of the accused were purchased by him from the accomplice in their presence, a charge of the court to the jury, that "ordinarily when a burglary has been committed, when the evidence shows to the jury that a burglary has been committed, a house broken, the goods stolen therefrom, and shortly thereafter the defendant upon trial is found in possession of the stolen goods, that fact, the fact of possession, authorizes the jury to convict, provided the defendant does not satisfactorily explain his possession to the jury," though not verbally, and perhaps not substantially correct, since it is true in some cases only, yet the jury having, in effect, found by their verdict that the explanation set up by the accused was false, and the testimony of the accomplice being sufficiently corroborated, there was no cause for a new trial.

3. Though burglary cannot be committed without force in the legal

v 92-3

sense, it is not error to charge the jury that force or violence in a popular sense would not be necessary. Such, in effect, though not in terms, was the charge of the court in the present case. The charge contrasted the breaking of a house by unlocking the door with a key, and breaking it by force or violence of a different order and higher degree.

4. There was no error in denying a new trial.

April 10, 1893.

Indictment for burglary. Before Judge BARTLETT. Bibb superior court. November term, 1892.

Pritchett and Battle were charged with burglary. Battle pleaded guilty. Pritchett was tried and convicted, and his motion for a new trial was overruled. The motion contains, in addition to the general grounds, an assignment of error on the following instruction to the jury: " The State claims that this man, together with Will Battle, on or about the time named, entered Gibson's premises and found the door to his outhouse locked, and by using a key entered the house and stole certain goods. Now, a breaking does not mean a violent, forcible breaking, as a great many people think; it does not require any force or violence to constitute a burglary." In this connection the court further charged, that if the parties, finding the door locked, unlocked it with a shoe-hook or other means, and opened the door and entered and committed a larceny, the burglary would be complete; " or if they found the door just bolted, and they unfastened and the door opened and they entered, that would be such a breaking as would constitute the offence of burglary." The other grounds of the motion appear from the first two head-notes.

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, *contra.*

BLECKLEY, Chief Justice.

1. Was the accomplice, Will Battle, sufficiently corroborated in that part of his testimony which implicated

Pritchett in the burglary? We think he was. It appeared from the evidence of other witnesses that the door of the house was usually kept locked at night; that goods stored in the house disappeared therefrom on a particular night and were shortly afterwards found, some of them in the possession of Pritchett and some in the possession of Will Battle, the witness. The evidence tends strongly to show that the usage as to locking the door was observed on the night in question, and there is no evidence having the slightest tendency to establish the contrary. The door was found the next morning closed but unlocked. The accomplice testified that Pritchett had a bunch of keys and that he and Pritchett opened the door and went in, but did not say expressly whether a key was used in so doing, or not. The jury could probably infer from his evidence that a key was used; and such seems to have been the understanding of counsel, for the witness was not pressed to be more specific on this point than he was. We infer this from reading his examination which is set out in the record by questions and answers.

2. The charge of the court on the effect of possession of stolen goods, in a trial for burglary, was not accurate, but for the reason indicated in the second head-note, we think the inaccuracy as applied to this case was not cause for a new trial.

3. Without using force—force as understood in a legal sense—no burglary can be committed, but force as understood in the popular sense is not necessary. Opening a door by unlocking it with a key is using force in the former sense, though not in the latter. In presenting this distinction to the jury the court's phraseology was not accurate, but the substance of the instruction as applied to the facts of the case was not misleading.

4. It was not error to deny a new trial.

*Judgment affirmed.*