### HARPER *v.* THE STATE.

COBB, J. The evidence warranted the verdict, and it does not appear that any error of law was committed at the trial.

*Judgment affirmed. All the Justices concurring.*

Submitted March 19,—Decided April 4, 1900.

Indictment for larceny. Before Judge Felton. Bibb superior court. November term, 1899.

*John R. Cooper*, for plaintiff in error.
*Robert Hodges, solicitor-general*, contra.

---

### SPARKS *v.* THE STATE.

LUMPKIN, P. J. 1. It was not, in the trial of a criminal case, erroneous to refuse to allow an attorney for the accused to indulge in a tedious and extended argument to the jury upon a plain and familiar legal proposition, and read to them authorities in support of the same, it appearing that the solicitor-general conceded the correctness of the attorney's contention, that the presiding judge announced in the hearing of the jury it was correct, and that he distinctly so instructed them in his charge.

2. Evidence showing that stolen goods were found in a house occupied by the mother of a minor and in which he resided as a member of her family, or in the possession of his sister, did not warrant a charge based on the hypothesis that he had individual and exclusive possession of such goods. *Hall* v. *State*, 60 *Ga.* 36. Nor did the evidence tending merely to show that he was present when the burglary was committed warrant a charge upon the law applicable to the case of an accomplice who stands by and watches while another actually perpetrates the crime.

*Judgment reversed. All the Justices concurring.*

Submitted March 19,—Decided April 5, 1900.

Indictment for burglary. Before Judge Candler. Bibb superior court. November term, 1899.

*John R. Cooper*, for plaintiff in error.
*Robert Hodges, solicitor-general*, contra.