### 11161. WOODALL *v.* THE STATE.

1. That the accused had not been tried at the first or the second term of the court after demand for trial was not ground for discharging him, under the facts appearing in the record.
2. Failure to charge the jury on the law as to circumstantial evidence was not ground for a new trial, under the facts of the case.
3. Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial, unless a motion to declare a mistrial on that ground has been made and refused.

DECIDED MARCH 2, 1920. REHEARING DENIED APRIL 13, 1920.

Indictment for larceny; from DeKalb superior court — Judge Hutcheson. November 8, 1919.

Application for certiorari was denied by the Supreme Court.

*Paul L. Lindsay,* for plaintiff in error.

*George M. Napier, solicitor-general,* contra.

BLOODWORTH, J. 1. At the September adjourned term, 1918, the accused filed a demand for trial, which was allowed by the court and entered on the minutes. At the June term, 1919, his counsel filed a motion in which he alleged the filing of the demand, and that he had been present in court and ready for trial at every term since the demand was allowed, and he prayed the court "for a direction of a verdict of not guilty." Treating this as a motion

for discharge under the demand, it was properly overruled. Neither the motion nor the evidence introduced on the trial thereof showed that at the term when the demand was allowed and at the next succeeding term there were jurors impaneled and qualified to try the accused. "Demand for trial is not cause for discharge, unless at the term when the demand was made and at the next succeeding term, there were juries impaneled and qualified to try ·the prisoner. That there were such juries at both terms must appear to the Supreme Court affirmatively, in order for it to reverse a judgment of the superior court denying the discharge." *Roebuck* v. *State,* 57 *Ga.* 154 (1-2). See also Penal Code (1910), § 983; *Adams* v. *State,* 65 *Ga.* 516, 517 (1)·; *Hunley* v. *State,* 105 *Ga.* 638 (31 S. E. 543).

2. Under the facts of this case and in view of the charge given, the court did not err in failing to charge on circumstantial evidence.

3. The 6th ground of the motion for a new trial alleges that the use of certain words by the court, in the presence of the jury, during the progress of the case was harmful error and prejudicial to the movant. No motion to declare, a mistrial was made on account of the alleged prejudicial remark. "Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial, unless a motion to declare a mistrial on that ground has been made and refused." *Harrison* v. *State,* 20 *Ga. App.* 157 (6), 160 (6) (92 S. E. 970).

4. There is evidence to support the finding of the jury, which was approved by the trial judge, and the verdict will not be disturbed by this court.

       *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

### ON MOTION FOR REHEARING.

In the motion for rehearing filed in this case, it is alleged that this court overlooked certain recitals in the bill of exceptions and certain decisions of this court and of the Supreme Court. Neither the recitals nor the decisions were overlooked. This court can review such questions only as the record shows were made and passed upon by the trial court. In this case the record shows that a written application was made for the direction of a verdict of not guilty. The court had no right to direct a verdict of not guilty, even though everything had been done necessary to the discharge of the defendant under his demand for trial. This court treated the application as

one for a discharge of the defendant. The trial judge passed upon the motion as made and the evidence introduced thereon, and, as said in the original opinion, "neither the motion nor the evidence introduced on the trial thereof showed that at the term when the demand was allowed and at the next·succeeding term there were juries impaneled and qualified to try the accused." The proposition urged in the motion for a rehearing was not presented to ·the trial judge, but appears for the first time in the bill ,of exceptions; and the· principle is settled that a question neither raised nor passed upon in the lower court can not be considered by a reviewing court. *Mewborn* v. *Weitzer,* 15 *Ga. App.* 668 (2) (84 S. E. 141); *Continental Aid Assoc.* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206), and cit.; *Patterson* v. *Bank of Alapha,* 148 *Ga.* 356, 357 (96 S. E. 863; *Bolton* v. *City of Newnan,* 147 *Ga.* 400 (94 S. E. 236).

In addition to the above, the assignment of error in the bill of exceptions is incomplete. While it is alleged that at the September and December terms, 1918, "juries were present and qualified to try said defendant, and defendant was not given a trial," it does not appear that there was a jury present and qualified to try the case *when the demand was made. Hall* v. *State,* 21 *Ga.* 148 (2). Nor does it appear that the case was not continued by the consent, or the failure to try was not due to some voluntary act of the accused. "A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on· his part showing affirmatively that he consented to passing the case until a subsequent term." *Walker* v. *State,* 89 *Ga.* 482 (15 S. E. 553). See also *Flagg* v. *State,* 11 *Ga. App.* 37 (1), 38 (1, 2) (74 S. E. 562), and cit.

   *Rehearing denied. Broyles, C. J., and Luke, J., concur.*