## JORDAN *v.* THE STATE.

GEORGE, J.   1. On the trial of one indicted for murder, it was not erroneous to admit in evidence the testimony of a witness that the accused and his wife "were quarreling" (the fact being relevant and material), over the objection that the answer given stated a conclusion of fact.

2. Under the ruling in *Stone* v. *State,* 118 *Ga.* 705 (7) (45 S. E. 630, 98 Am. St. R. 145), where the court provisionally admits evidence on the promise of the State's counsel that he will subsequently connect the same and show its relevancy, it is not for the judge on his own motion to determine whether such promise has been kept and to exclude the testimony without a request to that effect by the defendant.   In the present case, the court, upon objection by the defendant's counsel, announced that he would sustain the objection and exclude the evidence unless the State should show its relevancy.   There was no subsequent motion to exclude the evidence.

3. A witness for the State had been examined in chief.   During the absence, by permission of the court and consent of counsel, of some of the jurors from the box, the State's counsel was permitted to confer with the witness in the presence, but not in the hearing, of the jurors who remained in the box.   Counsel for the defendant objected to the conference with the witness, upon the sole ground that the witness had not been cross-examined.   *Held,* that it was not error to permit the State's counsel to confer with the witness under the circumstances stated.

4. The evidence authorized the verdict.

*Judgment affirmed.  All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1732.   MARCH 10, 1920.

Indictment for murder.  Before Judge Highsmith.  Glynn superior court.  October 11, 1919.

*R. W. Durden* and *D. W. Krauss,* for plaintiff in error.

*Clifford Walker, attorney-general, Alvin V. Sellers, solicitor-general, J. T. Colson,* and *M. C. Bennet,* contra.