## 11206.  Davis v. The State.

1. Charles E. Davis and H. D. Leon were jointly indicted for the offense of forgery, it being alleged that the accused "did wrongfully, falsely, and fraudulently make, sign, and forge the name of L. E. Bleckley on and to a certain deed." A copy of the deed — a warranty deed to land purporting to be from L. E. Bleckley as grantor—was incorporated in the indictment, and it was further alleged that " said acts were done with intent to defraud Mrs. L. E. Bleckley." In its formal parts the indictment followed the statute. The defendant Davis demurred to it, both generally and specially. *Held*:

   (*a*) The indictment was not subject to any of the demurrers. Penal Code (1910), §§ 231, 954.

   (*b*) The averment that the accused forged the name of the grantor to the deed is equivalent to an averment that they forged the deed. See 12 R. C. L. 139, sec. 2, and dictionary definitions of "forgery."

   (*c*) The fact that one person's name appears to have been forged with intent to defraud a different person does not render the indictment defective. *Barron* v. *State*, 12 *Ga. App.* 342 (1*d*) (77 S. E. 214).

   (*d*) Where two or more persons are jointly indicted for forgery, it is not necessary that the indictment show how they could or did jointly take part in the manual act or acts charged against them. The particular part played by each is a matter to be shown by evidence, and not by pleading. *Jackson* v. *State*, 87 *Ga.* 432 (13 S. E. 689); *Roane* v. *State*, 97 *Ga.* 195 (22 S. E. 374); *Mangham* v. *State*, 9 *Ga. App.* 559 (2) (71 S. E. 922).

   (*e*) The part of the indictment set out above contains a sufficient averment of intent to defraud. The indictment need not on its face show in what manner or by what means it was intended to consummate the fraud. *Travis* v. *State*, 83 *Ga.* 372 (9 S. E. 1063); *Shope* v. *State*, 106 *Ga.* 226 (1) (32 S. E. 140); *McLean* v. *State*, 3 *Ga. App.* 660 (1) (60 S. E. 332. A further averment as to the ownership of the land at any time was wholly unnecessary, and the averment made as to its "present" ownership and the source of the owner's title was mere surplusage, whether the pleader's purpose therein was to show how the intended fraud might be consummated or not.

2. While the testimony of an accomplice must be corroborated by other evidence, which directly connects the accused on trial with the perpetration of the crime, before such testimony will authorize a conviction of a felony, yet the law does not require that the corroborating evidence shall in and of itself alone be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular. On the contrary, slight evidence that the crime was committed by both defendants, and identifying them with it, will corroborate the testimony of the accomplice and warrant a conviction. Penal Code (1910) § 1017; *Evans* v. *State*, 78 *Ga.* 351; *Pritchett* v. *State*, 92 *Ga.* 33 (1) (18 S. E. 350); *Boswell* v. *State*, 92 *Ga.* 581 (17 S. E. 805); *Chapman* v. *State*, 112 *Ga.* 56 (2) (37 S. E. 102); *Dixon* v. *State*, 116 *Ga.* 186 (7) (42 S. E. 357); *Nance* v. *State*, 126 *Ga.* 95 (1) (54 S. E. 932).

(*a*) In this case the testimony of the accomplice tended to prove the case as laid, and it was sufficiently corroborated by other evidence.

3. A person may be principal in the first or the second degree in the offense of forgery as well as in any other offense. Penal Code (1910), § 42. And as principals in the first and second degrees are punished alike, no distinction between them need be made in the indictment. *Bradley* v. *State*, 128 *Ga.* 20 (2) (57 S. E. 237). Furthermore, where two persons are jointly indicted for forgery, each may be convicted upon evidence showing that he· was either the actual perpetrator of the crime or was present aiding and abetting the other in its commission. *McLeod* v. *State*, 128 *Ga.* 17 (3) (57 S. E. 83); *Futch* v. *State*, 137 *Ga.* 75 (3) (72 S. E. 911).

4. Where in the trial of a criminal case a witness for the State testifies that he dealt with the accused as requested in a letter which he received by mail, purporting to be from a third person, of whom he professes to know nothing, and counsel for the State and for the accused thereupon elicit, without objection, so much of the contents of the letter as tend to explain the conduct of the witness, it affords no cause for a new .trial that the court refuses to admit in evidence the entire letter when subsequently tendered by counsel for the accused. Penal Code (1910), § 1023. Moreover, the ground of the motion for a new trial in which error is assigned as to that ruling is defective. It is not shown that the letter was received in due course of mail.

5. The instructions given with reference to accomplices, venue, and the statute of limitations were sufficiently full and fair. The refusal to give the requested charges on the same subjects does not, therefore, afford cause for a new trial.

6. Witnesses were examined with respect to numerous documents. While one witness was being interrogated by the State's counsel with reference to a paper then in the hand of the witness the defendant's counsel insisted that the witness should identify the paper with greater certainty. The judge thereupon questioned the witness as to the nature and the date of the paper, and, after the witness had answered, re-marked: "Now there is no doubt about it." It is contended that this remark by the court was an expression of opinion as to what had been proved, in violation of section 1058 of the Penal Code. *Held*: The complaint is without merit. The remark of the judge, when considered in connection with the attendant circumstances, is capable of but one construction, to wit, that the previous doubt, if there was any, as to the subject-matter of the testimony had been removed. Moreover, there was no request for. a mistrial on account of the statement complained of.

7. Where evidence is offered and objected to, and counsel for the party offering it states that he expects to offer further evidence removing the ground of objection, and the court thereupon admits the evidence temporarily, expressly or impliedly reserving to the objector the right to renew his objection unless the ground thereof is satisfactorily removed, a failure to renew such objection before verdict amounts to a waiver thereof. The 12th ground of the amendment to the motion for a new trial comes within this rule. *Stone* v. *State*, 118 *Ga.* 705 (9) (45 S. E. 630, 98 Am. St. Rep. 145); *Quinn* v. *State*, 22 *Ga. App.* 634

(2) (97 S. E. 84), and cases cited. Moreover this ground is defective, in that the evidence objected to is not set out in the ground.

8. The deed alleged to have been forged bearing a date in 1852 and an imprint of the "Georgia Journal," and there being evidence to show that its written portion was upon a photo-engraved form, and that photo-engraving was not in use in this country in 1852, and did not come into commercial use until two or three decades thereafter, and a genuine deed dated in 1847 and written upon a substantially similar form having been admitted in evidence for the sole purpose of camparison with the forged deed, there was no error in admitting testimony to show that the genuine deed was written upon a type-printed form, or to show or explain any other point of similarity or difference between the two deeds. The 13th and 14th grounds of the motion for a new trial are therefore without merit.

9. An illogical argument of counsel affords no ground for declaring a mistrial, even if it be conceded that the argument complained of was illogical. *Holmes* v. *State*, 7 *Ga. App.* 570 (2) (67 S. E. 693); *Adkins* v. *Flagg*, 147 *Ga.* 136 (2*a*) (93 S. E. 92), and cit. Especially is this true where, as in this case, the court, in overruling the motion to declare a mistrial, added, in the hearing of the jury, that it was for them to determine "if the inferences the solicitor-general and other counsel draw are correct." The 15th ground of the motion for a new trial is therefore without merit.

10. The defendant's counsel having apparently sought, during the cross-examination of the witness Leon, to discredit the motive and the conduct of the solicitor-general, because of his several conferences with Leon in the preparation of the case for trial, the court did not err in permitting the solicitor-general, on redirect-examination of this witness, to ask how many times he had been called from the jail for such conferences; nor was there error in permitting the answer of the witness to remain before the jury, the witness having replied: "Gentlemen, he (meaning the solicitor-general) has got a pile of papers there to fill up this desk two or three times, that he has gone over with me — papers that I have never seen before or gone over before." Even if such a reply could have prejudiced the defendant's cause, it was, by his own counsel, made proper matter for the jury, to prevent their being unjustly prejudiced against the State's counsel. The 16th ground of the motion is therefore without merit. *Stone* v. *State*, 118 *Ga.* 705 (7) (45 S. E. 630, 98 Am. St. R. 145).

11. The court did not err in admitting in evidence a letter, purporting to be from Davis to Leon, saying, " Herewith I send you a check for $20.00 on South Georgia matter," Leon having previously testified that he received the letter by due course of mail, and that the remittance was a payment on his share of the proceeds of the alleged forgery, and there being other evidence to show that the letter (the body and signature to which were typewritten) disclosed the same peculiarities of the writing machine as numerous other letters written by Davis during the period in question, and it further appearing that the letter was discovered upon an official search of Leon's room about the time of his arrest, and long before his confession of his own guilt or his agreement to testify

as a witness for the State against Davis. *Ragan* v. *Smith*, 103 Ga. 556
(1) (29 S. E. 759); *Lancaster* v. *Ames*, 103 Me. 87 (68 Atl. 533, 17
L. R. A. (N. S.) 229); *People* v. *Storrs*, 207 N. Y. 147 (100 N. E. 730,
45 L. R. A. (N. S.) 860, Am. Cas. 1914 C, 196).

(a) This ruling disposes of the 17th ground of the motion for a new
trial; and, upon the same principles and authorities, the 19th, 20th, 25th,
26th, 27th, 28th, 29th, and 30th grounds of the motion are without
merit.

12. The accused being on trial for the alleged forgery of a warranty deed,
the fact that the grantee named therein did not return for taxation
the land therein described, during any one of the several years of his
purported ownership under the deed, was a proper circumstance for the
consideration of the jury, and the court did not err in admitting proof
thereof. The 18th ground of the motion for a new trial is therefore
without merit.

13. The court's instructions were not erroneous for any of the reasons
assigned in the 21st and 22d grounds of the motion for a new trial.

14. Where a telegraph company is shown to have destroyed all original
messages deposited with it for transmission by wire during a certain
period, and the proved agent of the defendant on trial in a criminal
case is shown to have received during that period a number of telegrams
purporting to be from the accused, the subject-matter of which relates
to the offense or some feature thereof, and is necessary to complete, or
is consistent with, other proved correspondence between the accused and
his said agent, the messages so delivered to the agent are admissible in
evidence. Civil Code (1910), §§ 5759, 5760; Western Twine Co. *v.*
*Wright*, 11 S. D. 521 (78 N. W. 942, 44 L. R. A. 438). The 23d
ground of the motion for a new trial is therefore without merit.

15. The evidence complained of in the 24th ground of the motion for a new
trial not being set out therein or annexed thereto as an exhibit, the
complaint will not be considered by this court.

16. The venue was sufficiently proved.

17. The evidence authorized the verdict, and no error of law appears.

DECIDED JULY 28, 1920.

Indictment for forgery; from Fulton superior court — Judge
Humphries. December 13, 1919.

Application for certiorori was denied by the Supreme Court.

*Seaborn Wright, Samuel D. Hewlett, Nathan Harris, Barry
Wright, T. T. Miller,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, Herman E.
Riddell,* contra.

LUKE, J. Charles E. Davis and H. D. Leon were jointly indicted
for the offense of forgery. Davis interposed a demurrer to the
indictment, which was overruled. He was then separately tried
and convicted, and, his motion for a new trial being overruled, he
brought the case here for review.

1.  The indictment charged that "said accused, in the county of Fulton and State of Georgia, on the 21st day of November, 1917, . . did wrongfully, falsely, and fraudulently make, sign, and forge the name of L. E. Bleckley on and to a certain deed, the same being in form and substance as follows, to wit: . .; and said acts were done with intent to defraud Mrs. L. E. Bleckley, who is the present owner of said land, under the will of L. E. Bleckley, the grantee from the State of Georgia, and the acts herein complained of were and are contrary to the laws of said State, the good order, peace, and dignity thereof." Incorporated in the indictment at the place above indicated was a warranty deed, dated November 20, 1852, purporting to have been executed by L. E. Bleckley, as grantor, to M. B. Millen, as grantee, and to convey all of lot of land No. 522 in the 5th district of "Appling (now Ware) County." The deed also purported to have been duly attested. To that indictment Davis demurred (1) generally, and (2) because only a forgery of the grantor's name, and not the deed itself, was charged; (3) because it did not appear how the two defendants "could jointly take part in the manual act of writing" the grantor's name; and (4) because there is no allegation that the act of forging the name of L. E. Bleckley was done at that time with intent to defraud any person; " the allegation in the indictment that said name was forged to said deed on November 21, 1917, for the purpose of defrauding a person who did not own the property before the finding of the indictment, on June 13, 1918, does not charge that the act was done with intent to defraud any one." The opinion of this court upon all the grounds of the demurrer is announced in the headnotes.

2.  The principles stated in headnote 2 need no elaboration. If any further discussion along that line is desired, it will be found in the authorities there cited, which are controlling. The only question for consideration here is the application of such principles to the facts of this case. In the trial of Davis his codefendant Leon testified as a witness for the State. Leon's testimony establishes his own guilt of the offense charged as clearly as it tends to establish the guilt of Davis. It follows that his testimony stands, and must stand, as that of an accomplice. *Stone* v. *State* 118 *Ga.* 108 (3) (45 S. E. 630, 98 Am. St. Rep. 145.); *Hargrove* v. *State,* 125 *Ga.* 270, 273 (54 S. E. 164). The accomplice Leon

testified to the truth of every essential averment in the bill of indictment, unless it can be said that there was a material variance with respect to the form of the deed alleged to have been forged. As to this matter, the deed set out in the indicment describes the land as being in "Appling (now Ware) County." The original deed shown by the evidence, and abundantly proved to be a forgery, is identical throughout, in both form and substance, with that set out in the indictment. Leon identified the deed in evidence and testified that it was a deed, and the only deed, which he had forged at the solicitation and dictation of the defendant Davis; but he further testified that at the time he so forged it and delivered it to Davis the land was therein described as being in "Coffee" county, and the names of the attesting witnesses did not appear. Both he and other wittnesses testify that these alterations in and additions to the proved original are in a different handwriting from the rest of the deed. In this connection, the documentary evidence shows correspondence by Davis at a date subsequent to the alleged and proved date of the original forgery, endeavoring to ascertain the name of the county from which Ware county was taken and the county in which the land in question actually lay at the time the forged deed purports on its face to have been executed. In our opinion these facts, in connection with the other evidence in the case, tend far more strongly to connect Davis with the actual perpetration of the crime alleged in the indictment than to create a variance between the allegations and the proof.

So far as the general grounds of the motion for a new trial are concerned, the only remaining question is: Does the other evidence in the case sufficiently corroborate the testimony of the accomplice? The matter above mentioned, on the question of variance, is itself one circumstance to be considered in this connection. In his statement to the court and jury the defendant Davis says that the only connection he had with the forged deed was as a real-estate agent, endeavoring to negotiate a sale of the land for Leon, whom he believed to be the bona fide owner thereof, and in whose chain of title the forged deed appears as one link, without any knowledge or suspicion on his part with respect to the fact of forgery. Leon testified, that he had known nothing of the land in question until Davis entered his (Leon's) room one night in September, 1917, and suggested the forgery in order

that they might both make some money out of it; that Davis dictated the contents of the deed while he wrote it; that there was no agreement between them as to how much he should receive for his share of the proceeds, but that Davis handed him $10 at that time, and subsequently remitted by mail $20, retaining for himself the balance of the proceeds of sale, whatever sum it may have been. The other evidence showed that, through one Carver, Davis negotiated a sale of the land for $1,000; that Carver remitted a half of that consideration, or $500 (less some small items of expense) to Davis; and that Davis thereupon remitted $20 to Leon, which sum was accompanied by a letter from Davis saying: "Herewith I send you check for $20.00 on South Georgia matter, and I am sorry it is not more, but the old codger put us to so much expense and after he got the money had to run him down, there was but little left." In *Pritchett* v. *State,* 92 *Ga.* 33 (1) (18 S. E. 350), a burglary case, it was held that possession of some of the stolen goods by the accused on trial, and possession of some of them by a witness for the State, sufficiently corroborated the testimony of the witness, who testified that the building was burglarized by himself and the accused in the night by unlocking the door, entering the house, and stealing the goods. That decision seems in principle to be controlling here.

Leon further testified, that, in an effort to forge an apparently genuine signature to the deed, Davis furnished him with an old fi. fa., whereon an entry signed "L. E. Bleckley, Plff's Atty.," appeared, and that, after some practice at imitating that signature, he signed an imitation thereof to the deed, and returned the fi. fa. and the forged deed together to Davis. The other .evidenc shows that when the deed was subsequently attacked as a forgery, in a civil proceeding brought by Mrs. L. E. Bleckley, Davis furnished to counsel for the defendant in that proceeding a like fi. fa. for use in establishing the genuineness of the forged signature. The fi. fa. so furnished by Davis for use in evidence in that case was put in evidence in this case, and was identified by Leon as the same fi. fa. he had used in forging the deed. It further appeared, from a comparison of the two papers, that the forged signature to the deed was an imitation of the genuine signature on the fi. fa., and that, although the signature on the fi. fa. was genuine, it was unlike any other of a great number of the proved genuine signatures

of the same person covering a period of thirty years. Not only do these extrinsic matters serve to corroborate Leon, but they also tend to identify Davis with the preparation of the offense charged. The brief of the evidence, consisting of 159 pages, affords much additional evidence, both oral and documentary, corroborative of Leon and identifying Davis as the prime mover in and chief benficiary of the crime charged in the bill of indictment. In the opinion of this court, however, the evidence specifically referred to above affords sufficient corroboration of the testimony of the accomplice; and since his testimony relates to every essential of the offense charged, the conviction was warranted by the evidence.

3. It is contended that, since the indictment contains no allegation that the accused did "cause or procure" the crime to be committed, or that he did "willingly aid or assist" in so doing, as it might have done under the provisions of section 231 of the Penal Code, and since the evidence shows the forgery to have been the manual act of Leon, a fatal variance between the allegations and the proof results as to Davis. We do not agree with that contention. It may be that, under the peculiar provisions of the code as to forgery, an accessory before the fact to that offense is indictable as a principle in the first degree. Indeed, the principle stated in *Stone* v. *State,* 118 *Ga.* 705 (1) (45 S. E. 630, 98 Am. St. R. 145), seemingly leaves no question about it. But, however that may be, under the principles announced in the third headnote, as applied to the facts of the instant case, the indictment was sufficiently broad in its terms to authorize the evidence, and the variance between the allegation and the proof is nominal, rather than real.

4-17. The remaining grounds of error, which deal with rulings made during the progress of the trial and with excerpts from the charge of the court, are ruled upon in the headnotes.

The guilt of the defendant in this case was abundantly established by the evidence, and his conviction was approved by the trial judge in overruling the motion for a new trial. Every assignment of error has been carefully considered by this court, and there are no errors of law in the trial of the case that require a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

BLOODWORTH, J., concurring specially. Without being commit-

ted to every statement in the foregoing opinion, I do not think that any of the assignments of error shows cause for a new trial of the case, and I concur in the judgment of affirmance. I am authorized to say that Broyles, C. J., joins in this concurrence.