## 12600.  GOOGER *v.* THE STATE.

Remarks of court to counsel in ruling as to admissibility of testimony in a criminal case will not require a new trial on the ground that the remarks were of such character as to prejudice jurors against the accused, where there was no motion for a mistrial on that ground.

DECIDED NOVEMBER 16, 1921.

Indictment for assault with intent to murder; from Taliaferro superior court — Judge Shurley.  May 30, 1921.

*J. A. Beazley,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.  1. In the special grounds of his motion for a new trial plaintiff in error complains of certain remarks of the judge to counsel, made in ruling as to the admissibility of testimony on the trial, which he insists were of such character as to prejudice the minds of the jurors against his cause, but he made no motion for a mistrial. In *Perdue v. State,* 135 *Ga.* 277 (69 S. E. 184), the Supreme Court laid down the following rule:  "Where remarks are made by the trial judge to counsel in a criminal case in the hearing of the jurors, which counsel contend were of such a character as to prejudice the minds of the jurors hearing them against the cause of their client, they should either move for a postponement of the hearing in order that other jurors may be empaneled than those present when the remark is made, or, if the jurors have actually been selected and empaneled to try the particular case, a motion should be made to have a mistrial declared; and upon the judge's refusal to grant a motion of the character indicated, his ruling would be subject to review.  Counsel, having failed to make such motion and having proceeded without objection with the trial, can not,

after conviction, raise the question as to the prejudicial nature of the remarks complained of, in a motion for a new trial." See also *Woodall* v. *State,* 25 *Ga. App.* 8 (3) (102 S. E. 913).

2. There is ample evidence to support the verdict, which has the approval of the judge who tried the case, and this court will not interfere.

*Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*