## 12696.  GILBERT *v.* THE STATE.

1. The trial judge did not err in refusing to allow a witness to answer the question, "How many times have you been convicted of selling whisky recently?" nor in stating, in connection with that ruling, "She does not have to answer anyhow, unless she wants to. That is not the way to prove it anyway."

2. No error was committed in permitting a witness to testify as to the condition of the stolen automobile at the time it was recovered.

3. (*a*)  "A ground of a motion for a new trial to the effect that the court erred in excluding the testimony specified as a whole is not a good ground, when a part of the testimony so specified is objectionable."

(*b*) Where evidence is admitted provisionally and no motion is thereafter made to exclude it, objection to it will be held to have been waived.

4. Where certain language used by the judge in passing upon objections to testimony is alleged to be prejudicial to the cause of the defendant, but no motion for a mistrial is made, and the case proceeds, without objection to the remarks of the judge, no question as to the prejudicial nature of these remarks can be raised in the motion for a new trial.

5. In this case there is some evidence which within itself, and independently of the testimony of the accomplice, would lead to an inference of guilt of the accused.

DECIDED NOVEMBER 16, 1921.

Indictment for larceny of automobile; from Fulton superior court — Judge Humphries.  June 11, 1921.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J.  Robert Thweatt, Dewey Bland, and Henry Gilbert were indicted for the larceny of an automobile. Upon the trial of the defendant, Henry Gilbert, a verdict of guilty was rendered against him, the jury recommended that he be punished as for a misdemeanor, and this recommendation of the jury was complied with.

1.  The trial judge did not err, upon objection made, in refusing to allow a witness for the State (the owner of the stolen automobile) to answer the question, "How many times have you been convicted of selling whisky recently?" Nor did the judge err in stating, in connection with this ruling: "She does not have to answer anyhow unless she wants to. You cannot

make a person answer those questions. That is not the way to prove it anyhow." *Morgan v. State,* 17 *Ga. App.* 125 (3) (86 S. E. 281).

2. No error was committed when a witness was permitted to testify as to the condition of the stolen automobile at the time it was recovered. Even if it was error to admit this evidence, the error was harmless; as another witness, without any objection being made thereto, testified to the condition of the car, and his evidence showed its condition to be substantially the same as was testified to by this witness.

3. Exception is taken to the refusal of the judge to " rule out all of the evidence of the sheriff as being incompetent, immaterial, and irrelevant," and because " it does not in any way connect this defendant with this automobile. " This alleged error of the court will not require the grant of a new trial, for two reasons: (a) This exception went to the entire evidence of the sheriff, and a part of it was clearly admissible. *Jones v. Teasley,* 25 *Ga. App.* 784 (1-b) (105 S. E. 46), and cases cited. (b) This evidence was admitted provisionally, and as no motion was thereafter made to exclude it, counsel for the plaintiff in error will be held to have waived his objection thereto. *Stone v. State,* 118 *Ga.* 705 (9); *Quinn v. State,* 22 *Ga. App.* 632 (2), 634 (97 S. E. 84), and cases cited.

4. It is insisted that a new trial should be granted because certain language of the court, used in passing upon objection to testimony made by counsel for the defendant, " was calculated to give a jury of laymen the impression that the court thought counsel for movant was making captious objections; and if the jury did get that impression from the language used by this court, it was calculated to prejudice them against the defendant on trial." No motion was made to declare a mistrial because of the use by the judge of the language alleged to be prejudicial. " Counsel having failed to make such motion, and having proceeded without objection with the trial, cannot, after conviction, raise the question as to the prejudicial nature of the remarks complained of in the motion for a new trial." *Perdue v. State,* 135 *Ga.* 277 (69 S. E. 184). See also *Woodall v. State,* 25 *Ga. App.* 8 (3) (102 S. E. 913).

5. There is some evidence which, within itself and independ-

ently of the evidence of the accomplice, would lead to an inference of the guilt of the accused. In his statement at the trial the plaintiff in error admitted that early in the morning of the day on which the car was stolen he was in a café in Atlanta with the other defendants, and went with them in the stolen car to Ocee, " back in the mountains, " and that one of them (Thweatt) asked him to drive the car. The car was recovered by the sheriff of Forsyth county. A witness testified: " I had them together. Gilbert accused Thweatt of driving the car, and Thweatt accused Gilbert. They both insisted that the other drove the car. Each man was claiming that the other drove the car." Another witness testified that the accused " said he did go to the mountains with the boys " (those jointly indicted with him). Another witness swore that Thweatt said to the accused, " You just as well come on and take your medicine. You know you got the car." While Thweatt was present the accused did not deny the above statement, but after Thweatt left he did deny it. When Thweatt said to the accused, " You know you got the car," had he been guiltless he would most probably have denied the charge. As he made no reply, the jury were authorized to construe his silence as an implied admission of his guilt. See Civil Code (1910), § 5782; *McElroy* v. *State,* 125 *Ga.* 37, 40 (53 S. E. 759.) In *Davis* v. *State,* 25 *Ga. App.* 532 (2) (103 S. E. 819), this court held: " While the testimony of an accomplice must be corroborated by other evidence, which directly connects the accused on trial with the perpetration of the crime, before such testimony will authorize a conviction of a felony, yet the law does not require that the corroborating evidence shall in and of itself alone be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular. On the contrary, slight evidence that the crime was committed by both defendants, and identifying them with it, will corroborate the testimony of the accomplice and warrant a conviction." Citing Penal Code (1910), § 1017; *Evans* v. *State,* 78 *Ga.* 351; *Pritchett* v. *State,* 92 *Ga.* 33 (1) (18 S. E. 350); *Boswell* v. *State,* 92 *Ga.* 581 (17 S. E. 805); *Chapman* v. *State,* 112 *Ga.* 56 (2) (37 S. E. 102); *Dixon* v. *State,* 116 *Ga.* 186 (7) (42 S. E. 357); *Nance* v. *State,* 126 *Ga.* 95 (1) (54 S. E. 932). The sufficiency or weight of corroborative evi-

dence is a question solely for the jury. In this case they have found it sufficient, and, their finding having been approved by the trial judge, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*