## 24949.   FORBES *v.* THE STATE.

DECIDED JUNE 27, 1935.

*W. E. Mann, W. G. Mann,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. Luther Forbes and Fred Smith were jointly indicted for the offense of car breaking. Luther Forbes excepts to the overruling of his motion for new trial. The indictment charged that "3 cases of square brand snuff, consigned to Earl Ingle, Dalton, Ga., 4 cases of square brand snuff, consigned to O. B. Ewton, Dalton, Ga., 3 cases of Rinso washing powder, consigned to Mc-Camy Stone & Deakins Company, Dalton, Ga., 1 case of 100 cakes of Lifebouy soap consigned to Lee Routh, Dalton, Georgia, 1 case of Lux Toilet Soap 50 cakes, consigned to Lee Routh, Dalton Ga.," were stolen from the car. The evidence for the State authorized a finding that these articles were placed in the car in Atlanta and the car sealed, and that when the car was set off in Dalton it was still sealed. Sometime later during the day when it arrived in Dalton one of the seals of the car was found to be broken, and on checking the contents the above-described articles were missing. Way-bills were introduced showing the serial numbers on the cartons containing the missing goods. These serial numbers were found on certain of the cartons that were afterwards recovered. The names of the consignees which were stamped on the cartons were also shown. However, these had been torn off the cartons recovered. It was shown that Luther Forbes, the defendant, had been offering to sell to certain merchants in Dalton Lux and Lifebouy soap in wholesale quantities. He was not a merchant himself. Certain bars and packages of soap and washing powder, about ten bars of each kind alleged in the indictment, were found hidden in various parts of the defendant's house. When arrested, Forbes informed the officers that some of the stolen property might be found at Mr. Bailey's. Upon being asked what he was doing with these goods he told the officers, "he was selling it on commission." The officers went to Bailey's, the place indicated by the accused, and found a large part of the shipment in Bailey's woodshed. The boxes were identified as being part of the property stolen from the car, by their serial numbers. It was testified that the sacks containing these goods could not have been handled by one man. Bailey testified that Fred Smith came to his store early one morn-

ing, the first part of February (the goods were alleged to have been stolen on the 4th day of February), and offered to sell him some square-brand snuff. He declined this offer, and Smith returned about eight o'clock that night. He told Smith that he knew he, Smith, was not in the wholesale business, and asked him how he got the stuff. Smith replied that he had won it in a crap game. Bailey replied: "Maybe the fellow you won it from stole it," to which Smith replied, "You can be sure there is not a man in Dalton that has had this stuff stolen from him." Smith then offered to purchase some groceries from Bailey and offered to put the goods in witness's truck, and when this was declined, Smith told witness: "I am coming back after a while and I will bring it, and you can look at it. . . I have got a little bit of snuff with it too." Bailey told him he could put it somewhere about the woodhouse, and Smith said: "I will put it right inside the door." The officers found the articles in two burlap bags just inside the door of Bailey's wood-house. Defendant made a statement in which he denied any connection with the crime, and explained his possession of part of the goods by saying he bought them from a man he did not know.

We do not think an extended discussion of the general grounds of the motion for a new trial is necessary. The evidence for the State certainly established the corpus delicti. Defendant was shown to have offered goods of the same kind missing, for sale in wholesale lots, to merchants of the city of Dalton. He was found in possession of some of the goods. It was shown that the goods found in Bailey's wood-house could not have been handled by one man; and in view of the testimony that Smith said he was going to put them there, and in view of the fact that when arrested Forbes, the defendant, gave officers information which led to their recovery, was it not a legitimate inference to be drawn by the jury that Smith and Forbes were together, and placed the property there? Certainly there were circumstances which tended to discredit the defendant's statement in the minds of the jury. The jury has found the defendant guilty, and we can not say that their finding is unsupported.

Complaint is made in the motion for a new trial, that a witness for the State was, over timely objection of defendant that the evidence elicited was hearsay, allowed to testify: "I received in-

formation that persons not engaged in the wholesale business were offering for sale snuff and washing powder and soap to merchants in case lots. I received information that one of the parties offering this stuff for sale would be at a certain store at a certain time in the afternoon, and we went to this store and followed that man to see where he lived." "When, in a legal investigation, information, . . and similar evidence, are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay but as original evidence." Penal Code (1910), § 1023. "Where it is material to explain how or why a search for property was made, it is competent to show that this was done in consequence of information received. But statements conveying such information are not admissible as affirmative proof of the facts contained in them." Upon objection to the evidence, the court ruled: "I sustain the objection as to hearsay, but as to explaining his acts, I will let it go in for that purpose." This ruling was correct. While the statement objected to was not admissible to show that the defendant did offer to sell to certain merchants articles of the character stolen in wholesale lots, it was admissible to show how and why the defendant was apprehended; in other words, it was admissible to explain the reason why the witness testifying went to the defendant's house to make a search. The fact of the defendant's offer to sell was proved by another witness. See, in support of this ruling, *Hall* v. *State*, 22 *Ga. App.* 112 (95 S. E. 936); *Stafford* v. *State*, 121 *Ga.* 169 (48 S. E. 903); *Stevens* v. *State*, 77 *Ga.* 310 (2 S. E. 684); *Lyman* v. *State*, 69 *Ga.* 404; *Coleman* v. *State*, 43 *Ga. App.* 350 (158 S. E. 627).

■ Defendant further complains of the introduction of the following evidence: "I also obtained a search warrant for Fred Smith's house, and searched his house, and found five cakes of Lux soap." At the time of objection by counsel for defendant, the court ruled: "If he does not connect it up showing they were partners in crime, your objection is good." No further ruling of the court on the admission of this evidence was invoked by the defendant during the trial. If the defendant and Smith were conspirators in the theft of the merchandise for the purpose of afterwards disposing of it to merchants by sale, the possession of the goods by Smith would certainly be the possession of the defendant. However, even conceding that the State did not thereafter show any

conspiracy in order to make the evidence admissible, "where the court provisionally admits evidence on the promise of the solicitor that he will subsequently connect the same and show its relevancy, it is not for the judge, of his own motion, to determine whether such promise has been kept and to exclude the testimony, without a request to that effect by the defendant." *Stone* v. *State,* 118 *Ga.* 705 (45 S. E. 630, 98 Am. St. R. 145) ; *Lindsay* v. *State,* 138 *Ga.* 818 (76 S. E. 369) ; *Jordan* v. *State,* 150 *Ga.* 79 (102 S. E. 424) ; *Quinn* v. *State,* 22 *Ga. App.* 632 (97 S. E. 84) ; *Thurman* v. *State,* 14 *Ga. App.* 543 (81 S. E. 796) ; *Davis* v. *State,* 25 *Ga. App.* 532 .(103 S. E. 819) ; *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897) ; *Williams* v. *State,* 123 *Ga.* 138 (51 S. E. 322) ; *Hix* v. *Gulley,* 124 *Ga.* 547 (52 S. E. 890) ; *Thomas* v. *State,* 129 *Ga.* 419 (59 S. E. 246) ; *Sasser* v. *State,* 129 *Ga.* 541 (59 S. E. 255) ; *Bacon* v. *Bacon,* 161 *Ga.* 978 (133 S. E. 512). "It can not be expected that in a long and tedious trial [or even a short one] the court should bear these matters in mind, and of his own motion exclude what has been thus provisionally admitted. It is for counsel interested to remind him of the circumstances and have it ruled out, if he so desires. It may often happen that counsel may prefer to let the evidence remain in the record. Subsequent testimony may make the former evidence helpful to the party who originally objected. At any rate, if counsel remain silent, the court is authorized to conclude that the party regards the evidence admitted or immaterial, not hurtful, or possibly helpful." The ground is therefore without merit.

■ Defendant further objects that the court, in making the above ruling, intimated and expressed an opinion to the jury that defendant and Smith were "partners in crime." Under the Civil Code (1910), § 4863, and a construction thereof, which forbids the expression of opinion by trial judges in the trial of cases, the courts have allowed a judge to state his reasons for admission or exclusion of evidence, where he does not judicially approve any of the testimony or go out of the legitimate sphere of discussion, without holding him in violation of this section. *Florida Central & Peninsular R. Co.* v. *Lucas,* 110 *Ga.* 121 (35 S. E. 283) ; *Jones* v. *Pope,* 7 *Ga. App.* 538 (67 S. E. 280), and cit. The court here, in stating his reasons for the temporary admission of this evidence, did not commit error. Even should this court think it error, it does not appear in the ground of the motion for a new trial that

470

at the time the alleged prejudicial remark was made, a motion for mistrial was made, which is necessary before this court can consider the question. See, in this connection, *Gilbert* v. *State,* 27 *Ga. App.* 604 (109 S. E. 697); *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Sorrow* v. *State,* 32 *Ga. App.* 504 (123 S. E. 914); *Woodall* v. *State,* 25 *Ga. App.* 8 (102 S. E. 913).

    *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*