## 40099. SELF v. THE STATE.

FRANKUM, Judge. Bobby H. Self was jointly indicted with J. W. Henderson for the offense of burglary. Henderson entered a plea of guilty, and Self was tried and convicted. On the trial Henderson testified as a witness in behalf of the State. The defendant made a motion for a new trial on the general grounds which he amended by the addition of two special grounds, one complaining of a portion of the charge relating to the recent possession of stolen property, and the other contending that the testimony of Henderson was false. He attached in support of this latter contention a sworn affidavit signed by Henderson. The motion was overruled, and the assignment of error here is on that judgment.

1. The portion of the charge complained of in special ground 1, while it may be said to be somewhat repetitious and inapt in expression, was not so confusing and misleading as to be cause for a new trial. It was not abstractly incorrect.

2. "Recent possession, not satisfactorily explained, of goods stolen from the house at the time the alleged burglary was committed, may be sufficient as a basis of conviction of burglary, where the burglary has been established and the jury believed from all the evidence beyond a reasonable doubt that the accused is the guilty party." *Mangham v. State,* 87 Ga. 549 (1) (13 SE 558); *Rutland v. State,* 90 Ga. 102 (15 SE 813).

3. "Whether a defendant's explanation of his recent possession of stolen goods is consistent with his innocence and is satisfactory is a matter exclusively for the jury. *Bridges v. State,* 9 Ga. App. 235 (70 SE 968); *Jordan v. State,* 9 Ga. App. 578 (71 SE 875)." *Stewart v. State,* 17 Ga. App. 827, 828 (88 SE 715). *Gilliard v. State,* 17 Ga. App. 364 (86 SE 939); *Kinard v. State,* 19 Ga. App. 624, 625 (2) (91 SE 941).

4. "After proof of the *corpus delicti,* the testimony of an accomplice is sufficiently corroborated to authorize a conviction for burglary by other evidence showing that . . . [shortly] after the burglary was committed, the accused was in possession of goods which were in the house when burglarized, the possession not having been satisfactorily explained, and the jury being satisfied from the whole evidence of the guilt of the accused." *Boswell v. State,* 92 Ga. 581 (17 SE 805). *Pritchett v. State,* 92 Ga. 33 (18 SE 350); *Ford v. State,* 70 Ga. 722 (2).

"While a conviction based entirely upon the testimony of an alleged accomplice, uncorroborated by other competent evidence, will not be allowed to stand, corroboration is peculiarly a matter for the jury, and sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. *Parker v. State,* 86 Ga. App. 497 (71 SE2d 765); *Evans v. State,* 27 Ga. App. 316 (2) (108 SE 129); *Davis v. State,* 25 Ga. App. 532 (2) (103 SE 819)." *Haire v. State,* 89 Ga. App. 629 (1) (80 SE2d 497); *Evans v. State,* 91 Ga. App. 819 (87 SE2d 228).

5. A new trial will not be granted on the ground that the accused was convicted on false testimony unless the falsity has been established by conviction for perjury. The ground of the motion contending that the testimony of Henderson was false failed to show this essential fact and so was insufficient to authorize a new trial. *Code* § 110-706; *Fowler v. State,* 187 Ga. 406-408 (7) (1 SE2d 18).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JULY 11, 1963.

Burglary. Cherokee Superior Court. Before Judge Burtz. *Daniel Duke,* for plaintiff in error.

*Jess H. Watson, Solicitor General,* contra.