## 45016. THOMAS v. THE STATE.

HALL, Presiding Judge. This is an appeal from a finding of delinquency in the Juvenile Court of Fulton County. Appellant was a 13-year old girl when brought before the court on the petition of a police officer to declare her a delinquent because of the alleged commission of a burglary. Pending at the same time was another petition, brought by her mother, to have her declared delinquent as being ungovernable. This latter petition was dismissed at the hearing when the mother failed to appear. Appellant has a history of staying out late at night and running away from home. At the time of the alleged burglary, she was staying at the apartment of a Mrs. Andrews, the older sister of a friend. The household consisted of this woman and several miscellaneous children, including two teen-age girls.

A neighbor, Mrs. Lewis, called in the police on a Sunday morning to report the theft of $53 in cash and about $29-30 worth of groceries which she had purchased the previous day. The police and Mrs. Lewis went to the Andrews' apartment and searched the cupboards and refrigerator. Mrs. Lewis identified as hers a half-used package of sliced ham, two pounds of hamburger, a half-gallon of milk and a box of detergent. Mrs. Andrews told the police and later testified that she had given appellant $3.00 the night before to get groceries for the children's supper, had then gone to the American Legion for the evening, and had not looked in the refrigerator since. She stated she had not bought the iden-

tified food, did not know how it got in her refrigerator, but that during the search "He says he saw some things that belong to Darlene. . . I asked Betty where did she get them from and she said she went to the store."

This is the whole of the evidence against appellant. There is nothing connecting her with the scene of the burglary and no explanation of what might have happened to the rest of the groceries and the cash. The court correctly refused to consider a statement the police said appellant made while in an hysterical state on the way to detention.

We agree with appellant's contention that this circumstantial evidence does not exclude every other reasonable hypothesis save the guilt of the of the accused. *Code* § 38-109; *Carr v. State,* 119 Ga. App. 540 (167 SE2d 707).

The State contends that her then recent possession of stolen goods, unsatisfactorily explained, is sufficient as a basis for a finding of delinquency, citing *Mangham v. State,* 87 Ga. 549 (13 SE 558) and *Self v. State,* 108 Ga. App. 201 (132 SE2d 548). This is true only if possession itself is established. The fact that the food was found in the apartment where she was staying is not such proof. See *Sparks v. State,* 111 Ga. 830 (2) (35 SE 654). The only evidence on this point, and upon which the court based its finding, was the "admission" to which Mrs. Andrews testified—that appellant said she got the food from the store. First of all, it is not clear that appellant knew exactly which food items were under discussion. The cross examination of Mrs. Lewis elicited that only the package of ham had any feature which would distinguish it from scores of identical items from this neighborhood supermarket; but neither the questioning nor the "admission" specified the ham, or anything else. More important, however, is the circumstance that the alleged inculpatory statement came in through the testimony of a person against whom, by the court's own admission, the same case could have been made.

While the standard of proof in a juvenile proceeding has not been passed upon by the United States Supreme Court, we believe a child should not be found to have committed a crime on less evidence than would be necessary in case of an adult. Nevertheless, assuming the standard to be a preponderance of the evidence, as is common in most states, there must still be some evidence of probative value. We do not believe the admission is such evidence.

The past record of appellant suggests she may very well require some kind of court supervision. We do not deny the power and duty of the court in this respect, under the proper circumstances and procedure. However, a finding of delinquency for burglary will give appellant the equivalent of a criminal record. This must not be done on insufficient evidence in order to achieve some other worthwhile object.

*Judgment reversed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 30, 1970.

*Webb, Parker & Ferguson, Guy Parker,* for appellant.

*Harold Sheats, Martin H. Peabody, R. Neal Batson,* for appellee.