45318.   KELLY v. STATE OF GEORGIA.

DEEN, Judge. 1. The 16-year-old defendant was adjudged delinquent in the Juvenile Court of Fulton County under the following circumstances: The complainant had parked his automobile in the school parking lot and was attending classes. At noon he received a message from the defendant that the defendant said to come and see him because he had torn up his car. Complain-

ant went out to the parking lot, raised the hood, and found the wires ripped out of the car. The defendant and another boy were driving around in the parking lot during a part of the morning and returned during the lunch hour, when they were apprehended. The defendant claimed he had been told by an unidentified student that the car had been torn up and that he sent the message because defendant's companion "wanted" the complainant. The damage was such that it could not have been seen without raising the hood.

Whether or not the statement, "Tell X I did this" is equivalent to the statement, "I did this and you are to tell X" depends of course entirely on the intent of the person making the statement. If not a confession, it is certainly an incriminatory admission. "An incriminating statement is one freely and voluntarily made by the accused, which only tends to establish his guilt of the offense charged, or one from which, together with other proven facts and circumstances, guilt may be inferred." *Pressley v. State,* 201 Ga. 267, 270 (39 SE2d 478). The evidence was sufficient to support the finding of delinquency after applying, as the court did, the reasonable doubt test. See in this connection *Thomas v. State,* 121 Ga. App. 91 (172 SE2d 860); In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368).

2. There is no dispute but that the residence of the minor was as stated by him and as alleged in the complaint at a given street address in East Point, Fulton County, Georgia. The parents were served at the residence and the father of the minor appeared at the hearing. Under these circumstances the contention that venue was not established is without merit. The same is true as to jurisdiction: the minor stated his birthdate, it is shown in the sworn complaint served on the parents, and no question was raised at any time by the juvenile or his parents as to its correctness. The juvenile again stated his birthdate to the court at the hearing, his father being present at the time. The mere fact that he was sworn *after,* rather than *before* the formal statements of name and age is not, in the absence of any controversy over the true facts, a ground for reversal.

3. As to an adult, the act of maliciously destroying the property of another is a misdemeanor (*Code* § 26-8116) as to which the

juvenile court may act as a court of inquiry (*Code Ann.* § 24-2443). As to one under the age of 17 at the time of the commission of the act which would be a misdemeanor if committed by an adult, *Code Ann.* § 24-2409 (1) provides that if he is charged with crime in any other court "it shall be the duty of such court forthwith to transfer the case, together with all the papers, documents and testimony connected therewith to the juvenile court . . . Providing that nothing in this Chapter shall eliminate the juvenile's right to be tried as an adult." The purpose of this statute (Ga. L. 1951, pp. 291, 298) is obviously to provide a forum in which all juveniles may receive equal treatment. Appellant now contends in the fifth enumeration of error that he was "not allowed a jury trial" but the uncontroverted facts show that no jury trial was asked for and that the point is here raised for the first time. There is accordingly nothing presented for decision on this point. Appellant in his brief (but not by enumeration of error) contends that the manner in which he was "not allowed" a jury trial is that the court did not inform him that he had a choice of forum for the trial of the offense. No burden is placed on the court to do so. The juvenile and his father were informed of their right to counsel; both stated they did not want representation. There is no enumeration of error on the failure to provide counsel, nor would one be sustainable under these circumstances.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall P. J., Eberhardt, Pannell, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

ARGUED MAY 6, 1970—DECIDED JULY 13, 1970.

*L. Paul Cobb, Jr.,* for appellant.

*Harold Sheats, Martin H. Peabody, Orinda D. Evans,* for appellee.

EVANS, Judge, dissenting. The juvenile court is one established by the State as parens patriae of all children for their protection, not to punish adults. The juvenile court was completely without jurisdiction of this "adult" at the time charges were instigated against him and at his trial. Being without jurisdiction its action

was a complete nullity and should be dismissed as such. The Juvenile Court Law (Ga. L. 1951, p. 291; 1957, p. 617; 1968, p. 1013) being in derogation of the common law must be strictly construed. On September 17, 1969, five days before this minor reached his 17th birthday on September 22, 1969 (born September 22, 1952), he allegedly committed a criminal offense. The police turned him over to juvenile authorities who released him to the custody of his parents. No formal charges were instigated against him and the juvenile court lost its original jurisdiction over him under Section 9 of the law, supra, when he reached 17 years of age. Thereafter formal charges were instigated against him in the juvenile court on January 22, 1970, some four months after his 17th birthday, upon which this trial is based. The proper procedure under the law should have been for the complainant to have filed criminal charges against him in the proper court where he could have been turned over to the juvenile court (the offense occurring five days before his 17th birthday—see Georgia Laws 1968, pp. 1013, 1021, Section 10) or the "adult", age 17 years, could have elected to be tried as an adult. In such a case he would have been entitled to a jury trial. The above law, in Section 10, unequivocally grants him this right which was denied to him. The mere fact that a child, under 17 years, is said to have committed a criminal offense, does not give the juvenile court jurisdiction over him under Section 9 of Georgia Laws 1968, supra, from the date of the offense until his 21st birthday, to later try him thereon any time during that four-year period, but charges must be instigated against him before he reaches his 17th birthday. No charges were instigated against the appellant until he became an "adult" under this law, and these charges were filed in the wrong court.

I would reverse the judgment and direct that the juvenile charges against him be dismissed as a nullity.